FILED: 11.17.2020                              2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                    1:21-CV-01759-TNM  (A095-139-271 v. USA)

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

**ALEX ALFONSO SALAVERRIA**                    **CIVIL CASE No.**
    **PLAINTIFF**


    **vs.**                                    **BIVENS**

                                             **ACTION**

# THE  UNITED STATES OF AMERICA

**DEPARTMENT OF HOMELAND SECURITY.**          **TORTS CLAIM**
**AGENTS ACTING IN THE NAME OF USDHS:**        42 U.S. Section 1983
**[LEGAL TEAM, RESCUE TEAM, SECURITY TEAM,**   **CRIMES AGAINST**
**SPECIALTY TEAM].**                           **HUMANITY**
**[SPECIAL AGENT COLIN HOBBS]**
**LAS VEGAS METRO POLICE DEPARTMENT.**         **RACKETEERING**
**CLARK COUNTY CORRECTIONAL FACILITY.**        **ENTERPRISE**
**CITY OF LAS VEGAS.**                         **Title 42 U.S.C. § 1961**
**STATE OF NEVADA**
**LOS ANGELES SHERIFF'S DEPARTMENT (NORWALK):**
**WEST HOLLYWOOD SHERIFF'S DEPARTMENT:**
**[DEPUTY SHERIFF TRENT MILES]**
**CITY OF WEST HOLLYWOOD**
**LOS ANGELES COUNTY JAIL**
**LOS ANGELES POLICE DEPARTMENT [LAPD]**
**CITY OF LOS ANGELES**
**CALIFORNIA DEPARTMENT OF JUSTICE**
**STATE OF CALIFORNIA**
**GOVERNOR OF THE STATE OF CALIFORNIA:**
**[GAVIN NEWSOM]**
**VICE PRESIDENT OF THE UNITED STATES:**
**[KAMALA D. HARRIS]**
**MIAMI POLICE DEPARTMENT**
**MIAMI DADE COUNTY JAIL**
**KROME DETENTION CENTER**
**CITY OF MIAMI**
**STATE OF FLORIDA**
**FEDERAL BUREAU OF INVESTIGATION**
**VICE PRESIDENT OF THE UNITED STATES KAMALA D. HARRIS**
 **FEDERAL JUDGE TREVOR N. MCFADDEN**
**SENATORS OF CALIFORNIA: DIANE FEINSTEIN, ALEX PADILLA**
        **DEFENDANT(S)**
_____

FILED: 11.17.2020                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                    1:21-CV-01759-TNM  (A095-139-271 v. USA)

**Plaintiff demands trial by JURY**

**Plaintiff in the above captioned action, alleges as follows:**

## JURISDICTION

1.      **This is a CIVIL ACTION brought pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).* This court has jurisdiction over this action pursuant to <u>28 U.S.C. § 1331 and 2201, Torts Claim 42 U.S. Section § 1983,</u>**

<u>RACKETEERING ENTERPRISE 42 U.S.C. § 1961</u>

## PARTIES

**2.) A.)     PLAINTIFF: ALEX ALFONSO SALAVERRIA**

ADDRESS:    14357 LANNING DRIVE

WHITTIER, CA 90604

**3.) A.)     DEFENDANT: THE UNITED STATES OF AMERICA**

1. DEPARTMENT OF JUSTICE OF THE UNITED STATES

A. ATTORNEY GENERAL MERICK GARLAND

ADDRESS:  555 4TH STREET NW

WASHINGTON, DC 20001

**B.)     DEFENDANT: DEPARTMENT OF HOMELAND SECURITY (USDHS)**

1. SECRETARY ALEJANDRO MAYORCAS

2. UNIDENTIFIED AGENTS ACTING IN THE NAME OF USDHS:

*A. LEGAL TEAM: [ALL AGENTS INVOLVED]*

*B. RESCUE TEAM: [ALL AGENTS INVOLVED]*

*C. SPECIALTY TEAM: [ALL AGENTS INVOLVED]*

*D. SECURITY TEAM: [ALL AGENTS INVOLVED]*

3.DEFENDANT(S): SPECIAL AGENT COLIN HOBBS (THE GENERAL)

4. RETIRED AGENT UNDER COVER JEFFREY JAMES MUMAUGH

**5. DEFENDANT: IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE)**

**A. DIRECTOR TAE D. JOHNSON**

**ADDRESS: 2707 MARTIN LUTHOR KING JR AVE SE**

**WASHINGTON D.C. 20528-0525**

**C.)   DEFENDANT: STATE OF CALIFORNIA**

**1.) GOVERNOR OF CALIFORNIA GAVIN NEWSOM**

**ADDRESS:  1303 10TH STREET SUITE 1173**

**SACRAMENTO, CA. 95814**

**2.) DEFENDANT: CALIFORNIA DEPARTMENT OF JUSTICE**

**1.) ATTORNEY GENERAL ROB BONTA**

**ADDRESS: 1300 "I" STREET**

**SACRAMENTO, CA. 94244-2919**

**A. DEFENDANT: LOS ANGELES SHERIFF'S DEPT. (NORWALK)**

**1. CAPTAIN JAMES TATREAU**

**2. ALL ARRESTING OFFICERS PRESENT AT ILLEGAL ARREST:**

**[BOOKING 6243903] SEPTEMBER 7, 2021**

**ADDRESS: 12335 CIVIC CENTER DRIVE**

**NORWALK, CA. 90650**

**B. DEFENDANT: BERKELEY POLICE DEPARTMENT**

**1. CHIEF OF POLICE JENNIFER LOIS**

**2. ALL OFFICERS INVOLVED IN ILLEGAL ARREST**

**JANUARY 31, 2019.**

**ADDRESS: 2100 MARTIN LUTHOR KING JR. WAY**

**BERKELEY, CA. 94704**

**C. DEFENDANT: ALAMEDA COUNTY JAIL**

**1. ALL CORRECTIONAL OFFICERS AT PROTECTIVE**

**CUSTODY UNIT (01.31.2019-02.05.2019)**

**2. OFFICERS PRESENT WHEN BOARDING 02.05.2019-11:15 AM**

**(PST) LASD PRISONER TRANSPORTATION**

**ADDRESS: 5325 BRODER  BOULEVARD**

**DUBLIN, CA. 94568**

**D. DEFENDANT: LOS ANGELES COUNTY JAIL**

**1. ALL CORRECTIONAL OFFICERS DURING ILLEGAL**

**FALSE IMPRISONMENT (02.05.2019-02.14.2019)**

**ADDRESS: 441 BAUCHET STREET**

**LOS ANGELES, CA. 90012**

**E. DEFENDANT: THE CITY OF LOS ANGELES**

FILED: 11.17.2020                           2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                     1:21-CV-01759-TNM  (A095-139-271 v. USA)

**1. DISTRICT ATTORNEY GEORGE GASCON**

**ADDRESS: CRIMINAL JUSTICE CENTER**

**210 WEST TEMPLE STREET, 19TH FLOOR**

**LOS ANGELES, CA. 90012**

**F. DEFENDANT: WEST HOLLYWOOD SHERIFF'S DEPT.**

**1. DEPUTY SHERIFF TRENT A. MILES**

**ADDRESS: 780 N. SAN VICENTE BOULEVARD**

**WEST HOLLYWOOD, CA. 90069**

**G. LOS ANGELES SHERIFF'S DEPARTMENT**

**1. SHERIFF ALEX VILLANUEVA**

**ADDRESS: 211 W. TEMPLE STREET**

**LOS ANGELES, CA.  90012**

**F. DEFENDANT: LOS ANGELES POLICE DEPT.**

**1. CHIEF MICHAEL MOORE**

**ADDRESS: LAPD HEADQUARTERS**

**100 WEST 1ST STREET ROOM**

**LOS ANGELES, CA 90012**

**D.) DEFENDANT: VICE PRESIDENT OF THE UNITED STATES**

**KAMALA D. HARRIS**

**ADDRESS: 1600 PENNSYLVANIA AVE NW**

**WASHINGTON D.C. 20500-0003**

**E.) DEFENDANT: STATE OF NEVADA**

**1.) DEFENDANT: STATE ATTORNEY GENERAL AARON D. FORD**

**ADDRESS: GRANT SAWYER BUILDING**

**555 E. WASHINGTON AVENUE SUITE 3900**

**LAS VEGAS, NV. 89101**

**A. DEFENDANT: CITY OF LAS VEGAS**

**1. DISTRICT ATTORNEY CLARK COUNTY STEVE WOLFSON**

**ADDRESS: RJC CLARK COUNTY DISTRICT ATTORNEY 3 FLOOR**

**200 LEWIS AVENUE**

**LAS VEGAS, NV. 89155**

**B. DEFENDANT: LAS VEGAS METRO POLICE DEPARTMENT**

**1. SHERIFF CHIEF JOSEPH LOMBARDO**

**2. ALL OFFICERS INVOLVED IN ILLEGAL ARREST 03.13.2020**

**ADDRESS: 400 S. MARTIN L. BOULEVARD**

**LAS VEGAS, NV. 89101**

**4**

**BIVENS/ SECTION 1983 COMPLAINT- UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

**FILED: 11.17.2020**                     **2:20-cv-10532 (A095-139-271 v. DHS)**

**FILED 08.27.2021**                     **1:21-CV-01759-TNM  (A095-139-271 v. USA)**

C. DEFENDANT: CLARK COUNTY DETENTION CENTER

1. ALL CORRECTIONAL OFFICERS ON DUTY (03.13.2020-03.15.2020)

ADDRESS: 330 S. CASINO CENTER BOULEVARD

**F.) DEFENDANT : STATE OF FLORIDA**

1.) ATTORNEY GENERAL ASHLEY MOODY

ADDRESS: THE CAPITOL PL-01

TALLAHASSEE, FL 32399-1050

A. DEFENDANT: THE CITY OF MIAMI-DADE

1. ATTORNEY GENERAL MIAMI-DADE

KATHERINE FERNANDEZ-RUNDLE

ADDRESS: 1321 NW 13TH STREET

MIAMI, FL 33136

B. DEFENDANT: MIAMI SPRINGS POLICE DEPARTMENT

1. POLICE CHIEF ARMANDO GUZMAN

ADDRESS: 201 WESTWARD DRIVE

MIAMI SPRINGS, FL. 33166

C. DEFENDANT: MIAMI-DADE COUNTY JAIL

ADDRESS: 1321 NW 13TH STREET

MIAMI, FL 33125

**G.) DEFENDANT: FEDERAL BUREAU OF INVESTIGATION**

1.)  INCUMBENT CHRISTOPHER A WRAY

A. FEDERAL BUREAU OF INVESTIGATION LOS ANGELES

B.  FEDERAL BUREAU OF INVESTIGATION LAS VEGAS

C. FEDERAL BUREAU OF PRISONS:

1. FEDERAL DETENTION FACILITY OAKDALE, LA.

2. FEDERAL DETENTION FACILITY JENA, LA.

LA SALLE DETENTION FACILITY (OPERATED GEO GROUP)

3. KROME FEDERAL DETENTION CENTER MIAMI, FL.

ADDRESS: 601 4TH STREET NW

WASHINGTON D.C. 20036

**H.) DEFENDANT: SENATOR OF CALIFORNIA ALEX PADILLA**

ADDRESS: B03 RUSSELL SENATE OFFICE BUILDING

WASHINGTON D.C. 20510

**I.) DEFENDANT: SENATOR OF CALIFORNIA DIANE FEINSTEIN**

ADDRESS: 331 HART SENATE BUILDING

**FILED: 11.17.2020**                    **2:20-cv-10532 (A095-139-271 v. DHS)**

**FILED 08.27.2021**                    **1:21-CV-01759-TNM  (A095-139-271 v. USA)**

WASHINGTON D.C.  20510

## J. DEFENDANT: FEDERAL JUDGE TREVOR N. MCFADDEN

ADDRESS: DISTRICT COURT OF THE DISTRICT OF COLUMBIA

333 CONSTITUTION AVENUE NW

WASHINGTON D.C. 20001

## 4.) THE FACTS OF THE COMPLAINT AGAINST ALL DEFENDANTS

THE UNITED STATES OF AMERICA is hereby represented by institutions, Law Enforcement Officers, Senators of States, Federal Judges, AND ACTING AGENT(S), PRIVATE ENTITIES AND/OR THIRD PARTIES mentioned herein from letters A to J, subsequently entities that fall under each States DEPARTMENT OF JUSTICE that is in turn seen or under the authority of the UNITED STATES DEPARTMENT OF JUSTICE and therefore will answer to the ATTORNEY GENERAL OF THE UNITED STATES: MERICK D. GARLAND who is being sued as THE UNITED STATES OF AMERICA.  ALL DEFENDANT(S) MENTIONED HEREIN WILL BE REPRESENTED AS BEING PART OR ACTING IN NAME OF THE UNITED STATES OF AMERICA.  IT IS THE DUTY OF THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA THAT LAWS ARE UPHELD AND PROTECTED THEREFORE IT IS THE DEPARTMENT OF JUSTICE OF THE UNITED STATES OF AMERICA THAT CONSTITUTIONAL LAW THAT SUPERSEDES FEDERAL AND STATE LAWS ARE RESPECTED AND THOSE THAT GOVERN THIS NATION.

## INTRODUCTION

MR. ALEX ALFONSO SALAVERRIA (PLAINTIFF) FOR [THE RECORD] is a long term HIV/AIDS survivor (Diagnosed by Dr. Margaret Fischl MD, University of Miami Miller School of Medicine in June 2004.  At the time of his diagnosis he presented a very well advanced stage of the disease whereas he was at a mere 270 CD4 Absolute Count at a near full blown AIDS diagnosis.  He presented legions of Kaposi Sarcoma and was placed immediately under treatment to save his life.  It is therefore concluded he was considered HANDICAP and to have a full life term DISABILITY since the initial diagnosis and falls under the protection of the AMERICAN DISABILITIES ACT (ADA).  ANY ATTEMPT AGAINST OF A PERSON WITH A DISABILITY WOULD THEREFORE BE CONSIDERED ATTEMPTED MURDER AND FALL UNDER THE PROTECTION OF THE DECLARATION OF HUMAN RIGHTS ADOPTED BY THE UNITED NATIONS GENERAL ASSEMBLY 10 DECEMBER 1948, AND RATIFIED IN THE YEAR 1989: [28 U.S.C. § 509B]

FILED: 11.17.2020                                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                          1:21-CV-01759-TNM  (A095-139-271 v. USA)

*"Whereas disregard and contempt for human rights have resulted in barbarous acts which have outraged the conscience of mankind, and the advent of the world in which human beings shall enjoy freedom of speech and belief and freedom of fear and want has been proclaimed as the highest aspiration of the common people."*

*"Whereas it is essential, if man is not to be compelled to have recourse, as a last resort, to rebellion against tyranny and oppression, that human rights should be protected by THE RULE OF LAW."*

I once believed THE UNITED STATES OF AMERICA was the "BEACON OF FREEDOM". This idea however has now placed me in the belief they are a country as CORRUPT, maybe even more than any other nation on EARTH.  My own personal experience now leads me to believe those in power are only interested in their personal interests or affairs and therefore because I have been deprived of the basic examples from of PROTECTIONS under CONSTITUTIONAL LAW governing this nation, I present this complaint as an amended form that was denied by Federal Judge Trevor N. McFadden even though the circumstances involving the development of case 21-cv-01759-TNM (DISTRICT OF COLUMBIA) shows the pattern by DEFENDANT(S) in criminal actions that are punishable by LAW and these include:

1.) OBSTRUCTION OF JUSTICE: [18 U.S.C. § 1503] (TAMPERING OF EVIDENCE), (UNLAWFUL ARREST), (ASSAULT AND BATTERY), (ILLEGAL SEIZURE OF PRIVATE PROPERTY), (ILLEGAL SURVEILLANCE), (NEGLIGENT AND OPPRESSIVE BEHAVIOR), (THEFT OF PRIVATE PROPERTY), (VANDALISM WITH PREMEDITATED INTENT). [28 U.S.C. § 2680] [25 CFR §11.404] [CA-PC 242] DEFENDANT(S) have continued to tamper with FEDERAL COURT DOCUMENTS electronically submitted by diverting emails and PLAINTIFF has been left with no other option to FILE AN IMMEDIATE EMERGENCY COMPLAINT with the DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK.

2.) TAMPERING WITH A WITNESS OR INFORMANT: [18 U.S.C. § 1512]

3.) RETALIATION OF A WITNESS OR INFORMANT: [18 U.S.C. § 1513]

4.) PREMEDITATED ATTEMPT TO HARM A PERSON WITH A DISABILITY PROTECTED BY THE AMERICAN DISABILITIES ACT (ADA) TITLE II: POLICE LIABILITY.

FILED: 11.17.2020                          2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                          1:21-CV-01759-TNM (A095-139-271 v. USA)

**5. ATTEMPTED MURDER ON (5) DIFFERENT OCCASIONS: [18 U.S.C. § 1113]**

    **A.) LAS VEGAS, NV WITH DIRECT INVOLVEMENT OF THE LAS VEGAS METRO POLICE AND AGENTS ACTING IN THE NAME OF HOMELAND SECURITY ON 03.13.2020 THAT RESULTED IN AN ILLEGAL ARREST AND DIRECT HARM WITH A PERSON WITH A DISABILITY. A DIRECT ATTEMPT AGAINST PLAINTIFF WAS MADE BY ARRESTING OFFICERS LEADING TO SERIOUS INJURIES PLUS ASSAULT AND BATTERY. [28 U.S.C. § 2680] [25 CFR § 11.404]**

    **B.) LOS ANGELES COUNTY: CITY OF WHITTIER INVOLVING LOS ANGELES SHERIFF'S DEPARTMENT NORWALK WITH DIRECT INVOLVEMENT OF THE LOS ANGELES POLICE DEPARTMENT AND AGENTS ACTING IN THE NAME OF HOMELAND SECURITY (LEGAL TEAM, RESCUE TEAM, SECURITY TEAM, SPECIALTY TEAM) OPERATING ILLEGALLY IN THE STATE OF CALIFORNIA UNDER SB 54 CALIFORNIA SANCTUARY LAW, THUS THE CITY OF LOS ANGELES RATIFIED AS SANCTUARY CITY. THIS RESULTING IN ILLEGAL ARREST PLUS ASSAULT AND BATTERY WHERE PLAINTIFF RESULTED WITH SERIOUS INJURIES AND A DIRECT ATTEMPT AGAINST HIS LIFE BY THE ARRESTING OFFICERS. PLAINTIFF WAS TAKEN TO HOSPITAL EMERGENCY ROOM, WHERE HE DID NOT CONSENT TO USE OF MEDICAL RECORDS PROTECTED BY HIPPA ACT.  ARREST RECORD LASD NORWALK: No. 6243903- 09.07.2021. [28 U.S.C. § 2680] [10 U.S.C. § 897-ART 97 UNLAWFUL DETENTION]**

    **C.) LOS ANGELES COUNTY: CITY OF WHITTIER AT RESIDENCE OF PLAINTIFF (14357 LANNING DRIVE WHITTIER, CA. 90604) WHERE AGENTS CONDUCTING ILLEGAL SURVEILLANCE AT NEIGHBORS RESIDENCE(S) (14363 LANNING DRIVE WHITTIER, CA. 90604) AND (14351 LANNING) ACTING IN THE NAME OF HOMELAND SECURITY WITH DIRECT COMMUNICATION WITH LAPD AND LOS ANGELES SHERIFF'S DEPT. NORWALK PROHIBITED BY SB 54 CALIFORNIA SANCTUARY LAW. DEFENDANT(S) ENTERED PREMISES OF PROPERTY WHILE ALARMS WERE DEPLOYED FOR MORE THAN (7) HOURS, WHILE NO POLICE OR FIRE DEPARTMENT RESPONDED.  PLAINTIFF WAS ASSAULTED AND DIRECT THREATS WERE MADE AND ATTEMPT AGAINST HIS LIFE BY (LEGAL TEAM, RESCUE TEAM, SECURITY TEAM), WITH DIRECT INVOLVEMENT AS AN ACCOMPLICE OF OWNER JOANN MORALES, AND NEIGHBORS IN COORDINATION WITH CORRUPT LAW ENFORCEMENT.**

PERSONAL CONFIDENTIAL DOCUMENTS INCLUDING COMPUTER, [18 U.S.C. § 1951]  [26 U.S.C. § 7213]

FEDERAL COURT DOCUMENTS, IMMIGRATION DOCUMENTS AND OVER $25,000.00 USD WORTH OF MEDICATIONS WERE STOLEN AT THE RESIDENCE OF PLAINTIFF.  HE SUSTAINED SERIOUS LIFE THREATENING INJURIES AND EXPOSURE TO RADIATION. [09.12.2021]

D.) LOS ANGELES COUNTY: CITY OF WHITTIER PIH HOSPITAL 12401 WASHINGTON BLVD. WHITTIER, CA. 90604.  PLAINTIFF WENT TO EMERGENCY DEPARTMENT WHERE HE NOTICED THE PRESENCE OF PERSONNEL THAT DID NOT BELONG TO HOSPITAL STAFF.  HE WAS LEFT UNATTENDED FOR OVER THREE HOURS AND DIRECT ATTEMPTS WERE MADE AGAINST HIS LIFE.  PLAINTIFF FEARED FOR HIS SAFETY WAS NOT TREATED FOR ANY PRESENT INJURIES.  HOSPITAL STILL BILLED OVER $1570.00 USD TO HIS MEDICAL INSURANCE WHEN SERVICES WERE NOT RENDERED, NOR NO MEDICAL TREATMENT WAS PROVIDED CONSTITUTING FRAUD AND MALICIOUS INTENT. [CFR TITLE 45 SECTION 160.103]

PLAINTIFF SALAVERRIA DULY INFORMED THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, AND LEFT HIS PLACE OF RESIDENCE IN FEAR FOR HIS SECURITY AND LIFE.  HE DROVE TO THE CITY OF SAN FRANCISCO WITH THE LAST REMAINING EVIDENCE THAT WAS LOCATED IN HIS VEHICLE THAT HAD PREVIOUSLY BEEN TAMPERED AND VANDALIZED AT PRIVATE PROPERTY. CONTINUED ILLEGAL SURVEILLANCE AND DIRECT PREMEDITATED INTENT TO HARM HIM  BY DEFENDANTS HAS CONTINUED THROUGH HIS JOURNEY. PLAINTIFF MADE A SWORN DECLARATION [09.14.2021] AT THE CONSULATE OF EL SALVADOR LOS ANGELES [DIPLOMAT CONSUL GENERAL ALEJANDRO LETONA] WITH THE DIRECT TREATS TO HIS LIFE AND SUSTAINED INJURIES.

ON [09.19.2021] PLAINTIFF BOOKED AN AWARD TICKET THROUGH HIS ALASKA AIRLINES MVP MILEAGE PROGRAM [AS 210500415] TO WASHINGTON DULLES (IAD) [ROUTE AND SERVICE PROVIDED BY PARTNER AMERICAN AIRLINES: SFO-ORD (AA 308)- ORD-CLT (AA 2052)-CLT-IAD (AA 5336) WHERE A BREACH OF CONTRACT DID IN FACT OCCUR BY CARRIER PROVIDING PRIVATE INFORMATION PROTECTED BY LAW TO A THIRD PARTY (LAW ENFORCEMENT) OF HIS ITINERARY.  ILLEGAL DISCLOSURE OF PRIVATE INFORMATION IS PROHIBITED AND MAY ONLY BE PROVIDED UNDER THE CONSENT OF

FILED: 11.17.2020                           2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                     1:21-CV-01759-TNM  (A095-139-271 v. USA)

PASSENGER FOR DISCLOSURE.  HE MADE THIS SCENARIO CLEAR TO
CORPORATE SECURITY AMERICAN AIRLINES ANTHONY GALLAGHER AT
CHICAGO (ORD) WHERE HE WAS DENIED COMPLETION OF HIS JOURNEY TO HIS
FINAL DESTINATION (IAD) CONSTITUTING A BREACH OF CONTRACT WITHIN
THE CONDITIONS OF CARRIAGE BETWEEN CARRIER AND PASSENGER.
PLAINTIFF HAS PRESENTED A BREACH OF CONTRACT NOTICE TO AMERICAN
AIRLINES ON [10.31.2021] WHERE IT HAS BEEN REPORTED THAT $17,500 USD OF
HIS DAILY HIV REGIMEN AND OTHER MEDICATION WERE LOST, CONFISCATED,
AND DESTROYED WITHOUT LEGAL JURISDICTION.  HE WAS FORCED TO
PURCHASE A TICKET ON UNITED AIRLINES TO REACH (DCA) WASHINGTON
REAGAN. [26 U.S.C. § 7213] [45 CFR PART 46]

IN WASHINGTON D.C. PLAINTIFF MADE AN ATTEMPT TO PERSONALLY
RETRIEVE DOCUMENTS STOLEN ON [09.12.2021] SUMMONS REQUIRED TO
PROCEED PROSECUTION LITIGATION FOR CASE 21-cv-01759-TNM, WHERE HE
WAS DENIED ENTRY TO THE COURT, OTHER THAN CONTACT THE CLERK OF
COURTS ON [09.20.2021].  PLAINTIFF MADE A COMPLAINT TO SUPERVISOR OF
CLERK OF COURTS FOR THE DISTRICT OF COLUMBIA [FREDDY BROWN] OVER
THE ISSUES THAT OCCURRED THAT DAY.  [26 U.S.C. § 7213]

IN WASHINGTON D.C. HE PRESENTED A MOTION OF IMMEDIATE PROTECTIVE
ORDER WHICH WAS GRANTED BY JUDGE TREVOR N. MCFADDEN AGAINST
DEFENDANTS.  EVEN THOUGH CIRCUMSTANCES BEYOND HIS CONTROL
JUDGE TREVOR N. MCFADDEN CLOSED CASE 21-cv-01759 WHILE BEING AWARE
OF THE CIRCUMSTANCES WHERE PLAINTIFF HAD SUSTAINED ASSAULT AND
BATTERY BY DEFENDANTS AND SERIOUS INJURIES THAT REQUIRED
IMMEDIATE MEDICAL TREATMENT INCLUDING A LEFT SHOULDER FRACTURE.
[28 U.S.C. § 2680]

ILLEGAL SURVEILLANCE BY DEFENDANTS CONTINUED THROUGH HIS JOURNEY
TO THE CITY OF NEW YORK.  WHILE THE CITY OF NEW YORK IS A DESIGNATED
SANCTUARY CITY ILLEGAL SURVEILLANCE HAS CONTINUED MONITORING HIS
WHEREABOUTS WHILE LEGAL PROCEEDINGS IN EFFECT.  DUE TO THE
INABILITY OF GUARANTEEING PLAINTIFFS PERSONAL SECURITY FROM THOSE
THAT ARE IN SERVICE TO PROTECT AND UPHOLD THE RULE OF LAW;
PLAINTIFF PRESENTED A COMPLAINT AGAINST THE UNITED STATES OF
AMERICA TO THE INTER-AMERICAN COMMISSION OF HUMAN RIGHTS AT THE
ORGANIZATION OF AMERICAN STATES (OAS).  PLAINTIFF MADE A SECOND

FILED: 11.17.2020                                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                              1:21-CV-01759-TNM  (A095-139-271 v. USA)
SWORN DECLARATION AT THE CONSULATE OF EL SALVADOR NEW YORK TO
[DIPLOMAT CONSUL DANIEL ERAZO] WHERE CONFIDENTIAL DOCUMENTS
WERE LEFT TO PROTECT THEM FROM ILLEGAL SEIZURE FROM DEFENDANTS.
<u>TIMELINE OF FALSE IMPRISONMENT BY DEFENDANTS 25 CFR § 11.404</u>
<u>10 U.S.C. § 897- ART 97 UNLAWFUL DETENTION</u>

Since the year of 2009 PLAINTIFF SALAVERRIA has been ILLEGALLY ARRESTED on
numerous occasion(s).  The initial ILLEGAL ARREST and DETENTION was in consequence
under "THE PRETENSE" of a LIE made by a FEDERAL OFFICER.  [34 U.S.C. § 12601]
(Please refer to EXHIBIT A) NTA/ DHS).

During his detention he was placed in segregation due to his HIV POSITIVE status and
denied a proper diet to maintain his health, missed and was denied his daily HIV meds, and
placed in segregation because of his medical condition. This action was once again under
"THE PRETENSE" of a LIE of a FEDERAL OFFICER at the Detention Facility overseen by
the GEO GROUP in Jena, Louisiana. (Please refer to EXHIBIT [B-Letter DHS]
 EXHIBIT [C-SEGREGATION-JENA]  [42 U.S.C. § 249]

During the one month and three weeks in FEDERAL DETENTION there were serious
violations to Civil Rights, Constitutional Rights, State Rights, Federal Rights, not to mention
major HUMAN RIGHTS violation(s) on US soil. [22 U.S.C. 2304] [28 U.S.C. § 509B]

During his Immigration Proceedings in Federal Court PLAINTIFF SALAVERRIA
represented himself in front of Federal Judge John Duck Jr. in Oakdale, Louisiana.  A Change
of venue was granted and the case was transferred to the Federal Court in Miami, FL.

PLAINTIFF SALAVERRIA represented himself in Federal Court in front of Federal Judge
Lourdes Martinez-Esquivel and his papers (TPS) were reinstated on September 10, 2010
(Please refer to EXHIBIT [D-JUDGES ORDER/MIAMI].

His heath was severely jeopardized and compromised. PLAINTIFF SALAVERRIA appointed
the legal services of Attorney Joseph Patrick Vredevelt/ THE COCHRAN FIRM SOUTH
FLORIDA (Criminal Division) to bring a Civil Rights law suit against the DEPARTMENT OF
HOMELAND SECURITY for violating his CIVIL and CONSTITUTIONAL Rights in 2010.
His health was severely affected during his detention,  [42 U.S.C. § 249] not to mention his
medical and life insurance lapsed in direct consequence of the ILLEGAL DETENTION.  He
moved to the State of California shortly after.

*Since the year 2011, Mr. SALAVERRIA has been residing at 14357 Lanning Drive
Whittier, CA 90604.  He informed of his address change as required by law and  USCIS /DHS.
He as well notified Attorney Vredevelt/ COCHRAN of his new address and residence.*

*He has renewed his (TPS) as required by law and (USDHS-USCIS), however has noticed numerous irregularities on several occasions.*

He has reported his concerns since 2010 to Diplomatic authorities and several authority divisions in THE UNITED STATES OF AMERICA.

PLAINTIFF SALAVERRIA believes (USDHS-DEFENDANTS) has been directly involved in either influencing decisions made, or directly affecting the conduct of other Federal authorities and/ or Federal Agents and that of LOCAL authorities [LAS VEGAS METRO POLICE DEPARTMENT 03.13.2020, LOS ANGELES SHERIFF'S DEPARTMENT 09.07.2021-09.12.2021, LOS ANGELES POLICE DEPARTMENT- UMBRELLA USDHS LEGAL TEAM, RESCUE TEAM, SECURITY TEAM, SPECIALTY TEAM 2014-2021] involved in different scenarios through the years.  The Civil Rights law suit was never presented by Attorney Vredevelt/ COCHRAN although over  $10,000.00 USD was given as an "advance" for the Federal law suit therefore involving negligence and legal malpractice. (Please refer to EXHIBIT [E- Vredevelt/ COCHRAN].  [ 22 U.S.C. § 2702, 51 U.S.C. § 20137] PLAINTIFF SALAVERRIA came into a verbal agreement with Attorney Vredevelt, with the involvement of Attorney Peter S. Heller (Legal Partner to COCHRAN FIRM Criminal Division) where he would compensate the monies advanced for the law suit that was never filed in the UNITED STATES District Court in Miami, FL.  Written communication and files are available as evidence and proof for review by this Honorable Court.  As of May 18, 2020 Attorney Vredevelt has <u>failed to provide the monies owed to PLAINTIFF SALAVERRIA now for ten years.</u> This directly affected his ability to file a new case, not to mention seriously affected his finances for monies legally owed to him for the negligence involved in the legal malpractice of the case.  He believes (USDHS) has been directly involved through illegally communicating private matters without legal jurisdiction or consent to third parties, constituting HARASSMENT and INVASION OF PRIVACY. <u>[49 CFR § 801.56]</u>

*In 2016 his TEMPORARY PROTECTED STATUS (TPS)  was withdrawn without justification by a mistake of delivery of the USPS.  This is a similar scenario to his (TPS) being withdrawn in 2006 that led to his ILLEGAL Detention by USDHS/ICE in 2009 although an APPEAL was legally filed and unanswered at the time.  In similar circumstances he legally filed an appeal.*

<u>PRIVACY- Federal Constitutional Rights, such as the Fourth Amendment, are rights that individuals have to protect themselves against government actions. Tort rights, are rights that individuals have against a wide variety of entities, such as  private persons and business entities, in addition to the government. Thus while the Fourth Amendment protects an individual's privacy from unjustified government intrusion, privacy torts protect an individual's privacy from other individuals, including the government.</u>

FILED: 11.17.2020                          2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                          1:21-CV-01759-TNM  (A095-139-271 v. USA)

*"One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy."*

**PLAINTIFF SALAVERRIA** has informed of ILLEGAL SURVEILLANCE on numerous occasions including the use of drones by unidentified government authorities.

In addition, he believes (USDHS-DEFENDANTS) or Federal Agents acting in name of (USDHS-DEFENDANTS) have disclosed private matters, including confidential "Medical Records" which constitutes a FEDERAL CRIME with legal consequences for those involved and under protection of HIPPA ACT.  In addition a premeditated attempt to illegally place false evidence in his vehicle did in fact happen where attempts were made against his life in an illegal covert operation by (USDHS-DEFENDANTS) Federal Agents between the State of California and Nevada on March 13, 2020.  Because the illegal persecution from unidentified vehicles started in the State of California on March 13, 2020 it would then violate "California Sanctuary Law SB 54". "A point is clearly made that it is not the first time FEDERAL AGENTS have LIED and FALSIFIED information to cover up for their crimes."

[34 U.S.C. § 12601] [18 U.S.C § 1519]

Please refer to EXHIBIT [F-INCIDENT REPORT LAS VEGAS]

EXHIBIT [G- INCIDENT REPORT KOA-SEA/ ALASKA]

The communication between (USDHS-DEFENDANTS) Federal Agents and that involving LOCAL BERKELEY POLICE in the State of California may be confirmed by the ILLEGAL ARREST of PLAINTIFF SALAVERRIA in Berkeley, CA on January 30, 2019.  There has been clear attempts to illegally prosecute him on "bogus" charges so he would have no legal remedy to defend himself while being in custody.  While the charges involving the Berkeley Police Department on January 30, 2019 were dismissed as a (DA REJECT), during his Detention at the ALAMEDA COUNTY JAIL, he was denied the adequate medical treatment even though of the disclosure of his HIV POSITIVE status and being on antibiotics for an Upper Respiratory Infection at the time.  He was as well denied the proper diet to maintain his health.  Although PLAINTIFF SALAVERRIA was eligible for being released by posting "BAIL" on a pending case in the County of Los Angeles, his rights were clearly violated by obligating him to board the (Prisoner Transportation of the (LOS ANGELES SHERIFF'S DEPARTMENT-DEFENDANTS) when the "BAIL" required for his release was legally posted 12 hours prior to him being obligated to board the inmate transportation bus.  It is very important to mention his personal property including (Cell phones, IPAD, and personal MacBook Pro Computer) were kept by the Berkeley Police where he believes his property was compromised by authorities to monitor his whereabouts and monitor his activity

FILED 08.27.2021                          1:21-CV-01759-TNM  (A095-139-271 v. USA)

ILLEGALLY, once again constituting INVASION OF PRIVACY and ILLEGAL SURVEILLANCE.  It was reported to the City of Berkeley, the BERKELEY POLICE DEPARTMENT (DEFENDANTS) compromised his medications where over ($7,500.00 worth of HIV medications ) were lost during this ILLEGAL arrest in a PRIVATE Business setting violating his Constitutional Rights.  This clearly involved direct communication between (USDHS) Federal Agents and LOCAL POLICE: BERKELEY POLICE (DEFENDANTS), Alameda County: ALAMEDA COUNTY SHERIFF, and LOS ANGELES SHERIFF'S DEPARTMENT (DEFENDANTS).  [34 U.S.C. § 12601]

Please refer to [EXHIBIT-H INCIDENT ALAMEDA COUNTY]
[EXHIBIT- I  INCIDENT LOS ANGELES COUNTY].

PLAINTIFF SALAVERRIA is aware under the circumstances involving this ILLEGAL ARREST (FALSE IMPRISONMENT), the attempt of being processed and booked by the LOS  ANGELES COUNTY JAIL was to solidify the pending case in his record where a WARRANT from (USDHS-DEFENDANTS) was presented that confirms the communication between field agents and that of LOCAL POLICE.  [25 C.F.R. § 11.404]

"SB 54 CALIFORNIA SANCTUARY LAW" limits how much local law enforcement can cooperate with federal authorities to enforce immigration law."

*During the ILLEGAL "Covert Operation" in Las Vegas, NV on March 13, 2020, (USDHS-DEFENDANTS) Federal Agents used  a "Radio Frequency Vehicle Stopper" with high powered radiation which severely affected PLAINTIFF. SALAVERRIA.  This technology is able to remotely control the activity of the human nervous system.  This can also incapacitate a human being not to mention, it can stop a human heart and make someone die with sophisticated frequencies.  (DHS) Agents as well used LIGHT EMITTING DIODE on two different locations: HOLIDAY ROYALE 4505 Paradise Road- Residential PRIVATE PROPERTY where he was ILLEGALLY ARRESTED by LAS VEGAS METRO POLICE under the instruction of (USDHS-DEFENDANTS) Agents)(TROPICANA/ NELLIS SHOPPING CENTER).  This is available in the report made to Detective Richard Jones at Internal Affairs LVMPD. During his ILLEGAL DETENTION (FALSE IMPRISONMENT) at the Clark County Detention Center, he was left in the non-processed inmate cell for close to 48 hours.  Even though he was wounded and taking antibiotics at the time, other than disclosing his HIV POSITIVE status, he was not provided with medical treatment and denied his medications required to maintain his health.  He was not expected to survive at the time, and was released under the direct involvement of Government of El Salvador contacting Homeland Security in Washington. [25 CFR § 11.404]
He was arrested under the false pretense of a LIE by (USDHS-DEFENDANTS) Federal Agents implanting false evidence of narcotics (cocaine) in his vehicle, and directly involving local LVMPD Officers [34 U.S.C. § 12601] His life was attempted against and direct threats were made*

1   *against his life constituting PREMEDITATED MURDER [18 U.S.C. § 1111]. His vehicle was*

2   *illegally towed and vandalized.  He as well noticed during his the detention the presence of*

3   *Officer Trent Miles from the West Hollywood Police Station and the conversation between local*

    *Correction Officers at Clark County Detention Center and Special Agent Colin Hobbs over a*

4   *phone conversation at the facility.  Special Agent Colin Hobbs was present at the location of the*

5   *Salvadoran Consulate (Parking Lot) several days later where Mr. Salaverria made a full*

6   *declaration to Diplomatic Authorities over this situation and harassment continued in Las Vegas*

    *where he was subject to continued attempts against his life.*

7   *[34 U.S.C. § 12601] [18 U.S.C. § 1111] [18 U.S.C. § 1117]*

8   **In a recent occurrence at his residence in California, his vehicle was again broken into and a**

9   **report was made with the LOS ANGELES SHERIFF'S DEPARTMENT**

    **(Report NORWALK-NWK20129-0104). [18 U.S.C. CHAPTER 65]**

10  **Several additional reports have been made of "mysterious occurrences" to the <u>California</u>**

11  **<u>Department of Justice.</u>  A recent burglary theft report of documents stolen being delivered to**

12  **to the Office of Senator KAMALA D. HARRIS (VICE PRESIDENT OF THE UNITED**

    **STATES-DEFENDANT)  was made to <u>SFPD (Report 200531221).</u>**

13  *(U*DHS-DEFENDANTS) **Federal Agents have destroyed evidence to cover up their crimes**

14  **and with premeditated intent to destroy evidence of their illegal activity.**

15  **<u>[18 U.S.C. § 1519] [28 CFR § 50.21] Under the instruction and recommendation of the</u>**

    **<u>California Department of Justice it was recommended to write to California Senators in</u>**

16  **<u>Washington, D.C. [in 2020: Senator Kamala D. Harris (Vice-President), Senator Diane</u>**

17  **<u>Feinstein, Senator Alex Padilla as the CA DOJ did not have control of Federal Agencies. No</u>**

18  **<u>response was ever received from these representatives to date.  Continued illegal activity</u>**

    **<u>continued in the year 2021 among other sorts of ILLEGAL and OPPRESSIVE NEGLIGENT</u>**

19  **<u>BEHAVIOR.  CASEY HOBBS [Wife to COLIN HOBBS-DEFENDANT] was identified near</u>**

20  **<u>the residence of PLAINTIFF SALAVERRIA in June 2021.  Field Office of the Federal Bureau</u>**

21  **<u>of Investigation (FBI) in Los Angeles, Office of the District Attorney of Los Angeles Justice</u>**

    **<u>Integrity Division, California Department of Justice, (JEAN MANES-US EMBASSY</u>**

22  **<u>PROTOCOL SAN SALVADOR), Embassy of El Salvador Washington D.C., Consulate of</u>**

23  **<u>El Salvador (Las Vegas, Los Angeles, New York), Permanent Mission of El Salvador to the</u>**

24  **<u>United Nations, Office of the Governor of California Gavin Newsom, Inter-American</u>**

    **<u>Commission of Human Rights at the Organization of American States (OAS), were duly</u>**

25  **<u>informed exhausting all possible legal avenues for reporting the criminal illegal activity from</u>**

26  **<u>DEFENDANTS and evidence is available for this case even though considering</u>**

27  **<u>DEFENDANTS stealing confidential documents under ILLEGAL SEIZURE, VANDALISM,</u>**

    **<u>ASSAULT AND BATTERY, INCLUDING PREMEDITATED MURDER as the occurrence at</u>**

28  **<u>PLAINTIFF SALAVERRIA's residence on 09.12.2021.  AGENTS ACTING IN THE NAME</u>**

1
2
3
4
5
6
7
8
9

**OF HOMELAND SECURITY: LEGAL TEAM, RESCUE TEAM, SECURITY TEAM, SPECIALTY TEAM, have in fact been in direct communication with FBI, local Law Enforcement in the State of California: (LAPD) (LOS ANGELES SHERIFF'S DEPARTMENT) again breaking procedures and established protocols violating State, Federal. And Constitutional Laws.  Furthermore DEFENDANTS have DESTROYED while obtaining information ILLEGALLY falling under the "Fruit of the Poisonous Tree Doctrine" and constituting serious violations of OBSTRUCTION OF JUSTICE [18 U.S.C. § 1501] .
THE CALIFORNIA DEPARTMENT OF JUSTICE, THE UNITED STATES DEPARTMENT OF JUSTICE MUST FILE CRIMINAL CHARGES TO ALL DEFENDANTS INVOLVED IN CRIMINAL ACTIVITY WITH A PREMEDITATED INTENT TO HARM PLAINTIFF SALAVERRIA AND UPHOLD THE LAWS THAT GOVERN THIS NATION.**

10
11
12
13
14

**RACKETEERING ENTERPRISE**
**Title 42 U.S.C. § 1961**
**_UNDER RICO ACT :_**
**When a court becomes a Criminal Enterprise:**
**Criteria for Criminal Racketeering Enterprise**
**Title 42 USC § 1961. Definition. As used in this chapter-(1) "racketeering activity" means:**

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(A)  _any act or threat involving relating to 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511_ (relating to obstruction of State or local law enforcement), section 1951 (relating to interference with commerce, robbery or extortion), section 1952 (relating to racketeering,**
**_(B) Aiding and Abetting  and Conspiracy Against the Rights of Citizens._**
**Title 42 USC § 1962. Prohibited Activities.**
**(b) It shall be unlawful for any person through a pattern or racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.**
**(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.**
**_(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section._**

**Controlling Case Law Addressing  Government Bodies as RICO Participants**

Controlling case law holds that government bodies whose conduct meets the definitions as applied to non-government entities also applies to them. That would include state judges, federal judges, U.S. Department of Justice, and others. INCLUDES:  Aiding and Abetting  and Conspiracy Against the Rights of Citizens)

*A line of cases hold that any governmental agency, court, political office or the like could serve as a RICO "enterprise."* *United States v. Thompson*, 685 F.2d 993, 999 (6th Cir. 1982)(en banc) *cert. denied,* 459 U.S. 1072 (1983). Among the government units that have been held to be "enterprises" are offices of governors and state legislators, courts, court clerks' offices. See e.g., *United States v. Stratton*, 649 F.2d 1066, 1072-75 (5th Cir. 1981); *United States v. Clark*, 656 F.2d 1259, 1261-67 (8th Cir. 1981) Office of county judge); *United States v. Frumento*, 405 F. Supp. 23, 29-30 (E.D. Pa. 1975), *affd,* 563 F.2d 1083 (3d Cir. 1977). *cert, debued,* 434 U.S. 1072 (1978).

*Decisions after Frumento expanded government activity to every conceivable government agency, court, or political office.* *United States v. Thompson*, 669 F.2d 1143 (6th Cir), *revd* 685 F.2d 993 (6th Cir. 1982)(en banc), *cert. denied,* 459 U.S. 1072 (1983)

Each of these criminal acts were compounded by the fact that they were perpetrated by people in positions of trust, who were paid to enforce the law.

Expanding on the number of parties involved in the series of predicate acts were the unknown−but suspected−U.S. Department of Justice−parties that were orchestrating the multiple schemes and conspiracies and protecting each of the criminal acts of each and every one.

Title 18 U.S.C. § 1962(a) provides:
*Title 18 U.S.C. § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section."*

In *Beauford v. Helmsley*, S. Ct. (1989), the Supreme Court held that it is not necessary to prove that multiple schemes, episodes or transactions occurred in order to establish a "pattern of racketeering activity," as long as the racketeering acts were "neither isolated nor sporadic."

*Mail and wire fraud were a part of the scheme, as defendants used the mails and telephone to carry out their schemes.* The mails were used in filing court papers, used to notify plaintiff of these filings,  More than two, actually dozens of instances, of such mail and wire fraud occurred, in a pattern of racketeering activity.

In *H.J. Inc. v. Northwestern Bell Telephone Co.* vs. U.S. June 26, 1989), the court held: The Racketeer Influenced and Corrupt Organizations aCt (RICO), 18 U.S.C. ' 1961-1968, which is Title IX of the Organized Crime Control Act of 1970 (OCCA),

imposes criminal and civil liability upon persons who engage in certain "prohibited Activities," each of which is defined to include, as a necessary element, proof of a "pattern of racketeering activity." ' 1962. "Racketeering activity" means "any act or threat involving" specified state law crimes, any "act" indictable under specified federal statutes, and certain federal "offenses." ' 1961(1). A "pattern" requires "at least two acts of racketeering activity" within a 10-year period. ' 19651(5).

Continuity of racketeering activity likewise may be demonstrated in a variety of ways. Continuity is centrally a temporal concept, and may be either closed−or open-ended. A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time.

*(c) Neither RICO's language nor its legislative history supports a rule that a defendant's racketeering activities form a pattern only if they are characteristic of organized crime. No such restriction appears in RICO's test. Nor is there any language suggesting that RICO's scope should be limited to acts of an association rather than an individual acting alone.*

RICO Requires no more than a slight effect upon interstate commerce. *United States v. Doherty*, 867 F.2d 47, 68 (1st Cir. 1989). *United States v. Murphy*, 768 F.2d 1518, 1531 (7th Cir. 1985). *cert. denied,* 106 S.Ct. 1188 (1986).

The racketeering activity is not required to benefit the enterprise. *The participants in the scheme are not required to have personally profited,* though some did.  *United States v. Killip*, 819 F.2d 1542, 1`549 (10th Cir. 1987.

Congress limited the force of Rule 8(b) by loosening the statutory requirements for what constitutes joint criminal activities. *United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988); *United States v. Castellano*, 610 F.Supp. 1359, 1396 (S.D.N.Y. 1985). *If a defendant is not named in a conspiracy or RICO count, he may be charged in a separate court, in the same indictment, if he is alleged to have participated in the same series of acts or transactions that constituted the conspiracy or RICO offense.*

# Civil Liability

- *Section 1964(c) of the RICO Act also allows civil claims against anyone accused of a RICO violation.* **When a civil RICO claim is successfully established, the injured person automatically receives a judgment of three times the amount of their actual damages, plus legal fees.**

Racketeering activity under federal law includes a number of criminal offenses, including: Bribery; sports bribery; counterfeiting; felony theft from interstate shipment; **Embezzlement** from **Pension** and Welfare funds; extortionate credit transactions; Fraud relating to identification documents; fraud relating to access devices; transmission of gambling information; *Mail Fraud; wire fraud;* financial

1   institution fraud; citizenship or naturalization fraud; obscene matter; Obstruction of
2   Justice; obstruction of criminal investigation; obstruction of state or local law
3   enforcement; witness tampering; retaliation against witness; interference with
    commerce, bribery, or extortion; interstate transportation in aid of racketeering;
4   interstate transportation of wagering paraphernalia; unlawful welfare fund payments;
5   prohibition of illegal gambling business; Money Laundering; monetary transactions
    in property derived from unlawful activities; murder for hire; sexual exploitation of
6   children; interstate transportation of stolen motor vehicles; interstate transportation of
7   stolen property; sale of stolen goods; trafficking in motor vehicles and parts;
    trafficking in contraband cigarettes; white slave traffic; restrictions of payments and
8   loans to labor organizations; embezzlement from union funds.
9   RICO outlaws every manner in which an enterprise can be used for long-term
    racketeering activity. Under the law, no person may invest racketeering proceeds to
10  acquire any interest in an enterprise; no person may acquire or maintain an interest in
11  an enterprise through a pattern of racketeering activity; and no person associated with
    or employed by an enterprise may conduct that enterprise's affairs through a pattern
12  of racketeering activity.
13  _**The punishment for violating the criminal provisions of RICO is**_
    _**exceptionally severe. If convicted, a defendant is fined and sentenced to not**_
14  _**more than 20 years in prison for each RICO violation**_. Furthermore, the defendant
15  must forfeit any interest, claim against, or property or contractual right over the
    criminal enterprise, as well as any property that constitutes the racketeering activity
16  or that was derived from the racketeering activity. Finally, RICO contains civil
17  provisions that allow a party who has been injured by a RICO defendant to recover
    from the defendant in civil court. A successful civil RICO plaintiff may collect treble
18  damages, or three times the amount lost to the defendant, as well as attorney's fees
19  and other costs associated with the litigation. The intent of the many and various
    sanctions is to cripple, and ultimately eradicate, organized crime enterprises.
20  **RICO employs broad definitions to sweep a wide variety of enterprise**
21  **criminal activity into its purview**. One of the original goals of RICO was to
    eliminate organized-crime families. However, because Congress could not legislate
22  against specific persons or families, it was forced to use broad language to define
23  racketeering and organized crime. The far-reaching language of the statute has
    subjected a wide range of criminal defendants to RICO's penalties. The typical RICO
24  defendant is far from the stereotypical violent mobster. _**A RICO defendant can be**_
25  _**anyone who uses a business (including courts of law) in any way to commit two or**_
    _**more of the many racketeering offenses.**_
26
27  **DEFENDANT(S) AGENTS ACTING IN THE NAME HOME HOMELAND SECURITY:**
28  **LEGAL TEAM, RESCUE TEAM, SPECIALTY TEAM, SECURITY TEAM,**

FILED: 11.17.2020                                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                              1:21-CV-01759-TNM (A095-139-271 v. USA)

**LOS ANGELES POLICE DEPARTMENT LAPD, LOS ANGELES SHERIFF'S DEPARTMENT, GOVERNOR OF CALIFORNIA GAVIN NEWSOM, FEDERAL JUDGE TREVOR N. MCFADDEN HAVE ALL BEEN IMPLICATED IN RACKETEERING ENTERPRISE REGARDING CASE 21-cv-01759- TNM AND AGAINST PLAINTIFF SALAVERRIA.**

**MANY OF THESE CRIMINAL ACTS OF OBSTRUCTION OF JUSTICE HAVE BEEN DULY DESCRIBED AND INFORMED TO THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA AND DOCUMENTS HAVE BEEN TAMPERED WITH, USPS MAIL INTENDED TO PLAINTIFF, OTHER THAN ALLOWING THE DUE PROCESS OF CIVIL AND CRIMINAL LITIGATION TO PROCEED NOT TO MENTION THE REQUIRED PROTECTION FOR PLAINTIFF AND INVOLVED WITNESSES TO PROTECT THE APPLICATION OF THE RULE OF LAW.**

## GENERAL ALLEGATIONS
### AGAINST ALL DEFENDANTS

**1.) That at all times herein mentioned PLAINTIFF ALEX ALFONSO SALAVERRIA (hereinafter "PLAINTIFF") was and is an individual residing in the City of West Hollywood and the City of Whittier, County of Los Angeles, State of California. That in recent events PLAINTIFF was forced to leave his RESIDENCE in fear of his life and safety, and that although PLAINTIFF has lived at (14357 Lanning Drive Whittier, CA. 90604) for more than "11 YEARS" his postal mail has been either returned or tampered with, either by the owner of the house JOANN DIAZ DE MORALES "(accomplice)" and/ or DEFENDANTS. That PLAINTIFF HAS NOT BEEN LEGALLY SERVED ANY DOCUMENTATION FOR A LEGAL EVICTION PROCESS therefore constituting Malicious intent from "JOANN DIAZ DE MORALES" and/ or DEFENDANTS. That because of the attempts made on (09.07.2021) ASSAULT AND BATTERY, FALSE IMPRISONMENT, ATTEMPTED MURDER BY ARRESTING OFFICERS), (09.12.2021 ASSAULT AND BATTERY, ATTEMPTED MURDER, ILLEGAL SEIZURE OF PRIVATE PROPERTY AND CONFIDENTIAL INFORMATION, NEGLIGENT AND OPPRESSIVE BEHAVIOR, THEFT OF PRESCRIPTIVE MEDICATION FOR HIV TREATMENT, THEFT OF PERSONAL PROPERTY: EXCEEDING VALUE OF $50,000.00 USD).**

**2.) That at all times herein mentioned DEFENDANT: THE UNITED STATES OF AMERICA, FEDERAL JUDGE TREVOR N. MCFADDEN, UNITED STATES DEPARTMENT OF JUSTICE (ATTORNEY GENERAL MERICK D. GARLAND), VICE PRESIDENT OF THE UNITED STATES (KAMALA D. HARRIS), SENATOR OF**

FILED: 11.17.2020                              2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                         1:21-CV-01759-TNM  (A095-139-271 v. USA)
CALIFORNIA DIANE FEINSTEIN, SENATOR OF CALIFORNIA ALEX PADILLA,
GOVERNOR OF CALIFORNIA (GAVIN NEWSOM), AND ALL SUB SEQUENT
AGENCIES OVERSEEN BY THE UNITED STATES DEPARTMENT OF JUSTICE WILL
RESPOND AS DEFENDANT(S): STATE OF CALIFORNIA (ATTORNEY ROB BONTA),
STATE OF NEVADA (ATTORNEY (ATTORNEY AARON D. FORD), STATE OF
FLORIDA (ATTORNEY ASHLEY MOODY), U.S. DEPARTMENT OF HOMELAND
SECURITY/ DIRECTOR ALEJANDRO MAYORCAS (AGENTS ACTING IN THE NAME
OF HOMELAND SECURITY USDHS: LEGAL TEAM, RESCUE TEAM, SECURITY
TEAM, SPECIALTY TEAM), FEDERAL BUREAU OF INVESTIGATION, Corporate
Institution(s) or Entities representing or acting in the name of USDHS: LOS ANGELES
POLICE DEPARTMENT, LOS ANGELES SHERIFF'S DEPARTMENT, LAS VEGAS
METRO POLICE DEPARTMENT as well as  individual(s) and /or third parties acting in the
name of USDHS: [COLIN HOBBS, JEFFREY JAMES MUMAUGH, JOANN DIAZ DE
MORALES, JORGE MORALES, NEIGHBORS OF 14357 Lanning Drive Whittier, CA.
90604: herein mentioned as "ACCOMPLICES"],  Law Enforcement Agencies, Federal
Detention Facilities, Correctional Facilities, (mentioned in this law suit), CITY OF LOS
ANGELES (LA DISTRICT ATTORNEY GEORGE GARÇON), CITY OF LAS VEGAS
(DISTRICT ATTORNEY STEVE B. WOLFSON): (herein after "DEFENDANT(S)") WAS
AND IS A GOVERNMENT AGENCY TO OVERSEE THAT LAWS OF THE UNITED
STATES OF AMERICA ARE UPHELD, PROTECTED, THUS RESPECTED, place of
formation unknown, operating business within the State of California, among other State(s) of
the United States of America address is 950 Pennsylvania Avenue NW Washington D.C.
20530-0001.


3.) That the true names and capacities whether individual, corporate, associate, or otherwise
of DEFENDANT(S), DOES 1-1000, inclusive, and each of them, are unknown to PLAINTIFF
(except for COLIN HOBBS, JEFFREY JAMES MUMAUGH, TRENT MILES,
JOANN DIAZ DE MORALES, JORGE MORALES, CASEY HOBBS)* who therefore sues
said DEFENDANT(S) by such fictitious names.  PLAINTIFF will ask leave the court to amend
this complaint when remainder of names are ascertained.  That each of the DEFENDANT(S)
designated herein as DOE is negligently, accomplice, or wantonly responsible in some manner
for the events and happenings herein referred to, thereby causing damages, direct inflicted
harm, proximately thereby to PLAINTIFF.

1
2
3
4

4.) In doing the things complained of each DEFENDANT(S) was the agent and employee, either acting as an accomplice or employee of his co-Defendant and was acting within the course or scope of his agency and employment with knowledge and consent of each of said CO-DEFENDANT(S).

5
6

**5.)  VIOLATION OF CIVIL, CONSTITUTIONAL RIGHTS AND VIOLATION OF THE UNIVERSAL DECLARATION OF HUMAN RIGHTS**

## Torts Claim 42 U.S. Section § 1983

7
8
9
10
11
12
13
14
15
16
17

In doing the things complained of each DEFENDANT(S) were negligently, wantonly responsible in some manner of depravation of the Human Rights Enforcement Act of 2009 therefore are suspected participants and enablers of serious human rights offenses.  The term "serious human rights offenses" includes violations of Federal criminal laws relating to genocide, accomplices to attempted murder, torture, INVASION OF PRIVACY and ILLEGAL SURVEILLANCE.  In doing the things complained DEFENDANT(S) have acted negligently towards the value of human life and have deprived PLAINTIFF of this basic human right of freedom from fear and that of freedom of speech and PRIVACY.  That DEFENDANT(S) have acted oppressively and in retaliation to cover up for criminal behavior and have ILLEGALLY obtained PRIVATE CONFIDENTIAL information, MEDICAL RECORDS protected under HIPAA ACT, has been deprived of his FREEDOM by FALSE IMPRISONMENT by DEFENDANT(S) AND THAT THEY HAVE ATTEMPTED AGAINST PLAINTIFF'S LIFE IN FOUR DIFFERENT OCCASIONS. That each and every one of the DEFENDANT(S) herein have violated PLAINTIFF'S CONSTITUTIONAL RIGHTS:

18
19
20
21
22
23
24
25
26
27

1.) FIRST AMENDMENT, FOURTH AMENDMENT (arrests without probable cause, unreasonable searches and seizures), EIGHTH AMENDMENT (PLAINTIFF HAS BEEN DENIED MEDICAL TREATMENT ON NUMEROUS OCCASIONS WHILE BEING IN CUSTODY) , FOURTEENTH AMENDMENT (LACK OF DUE PROCESS, EQUAL PROTECTION).  As a direct and proximate result of such acts suffered LIFE THREATENING INJURIES BY ASSAULT AND BATTERY, was exposed to RADIATION intentionally, continues to suffer severe emotional distress, humiliation, mental anguish, and were damaged thereby in such amount as shall be established at the time of the trial. PLAINTIFF was improperly discriminated against and harassed on the basis of his race and sexual orientation, not to mention his medical condition of being HIV POSITIVE. PLAINTIFF has been in imminent danger, where evidence face eminent destruction. PLAINTIFF was in the right of the people to be secure in his person, house, papers, and effects, of unreasonable search in seizure of confidential PRIVATE information, and was

28

violated of this right as stipulated in the FOURTH AMENDMENT of the Constitution of the United States of America.

## 6.) <u>VIOLATION OF THE PRIVACY ACT OF 1974/ INVASION OF PRIVACY AND ILLEGAL SURVEILLANCE (AGAINST ALL DEFENDANTS)</u>

<u>"The Act of 1974 (5 U.S.C. § 552a)</u> protects personal information held by the Federal Government by preventing unauthorized disclosures of such information".  DEFENDANT(S) have ILLEGALLY OBTAINED information and CONFIDENTIAL MEDICAL records through ILLEGAL SEIZURE and have disclosed that information TAMPERED with FEDERAL COURT documents and disclosed personal information of PLAINTIFF without consent, legal jurisdiction, or unauthorized to do so under [26 U.S.C. § 7213- Unauthorized disclosure of information]. As a direct and proximate result of such acts continues to suffer severe emotional distress, humiliation, mental anguish, and were damaged thereby in such amount as shall be established at the time of the trial.  DEFENDANTS were negligently, wantonly responsible in some manner for the PREMEDITATED intent to steal documents to cover for their CRIMINAL BEHAVIOR and LAW ENFORCEMENT MISCONDUCT [34 U.S.C. § 12601- (a) Unlawful Conduct].  DEFENDANT(S) have broken laws under the assumption of "Federal Immunity"  when acting in their assumption of breaches that concern exposure of field agents in Federal Complaints. However PREMEDITATED INTENT to harm a person with disability under ILLEGAL SURVEILLANCE and DEFENDANT(S) operating out of legal jurisdiction applies for Unlawful Conduct of which does not protect any type of immunity under [TORTS CLAIM Section 1983].

## 7.) PREMEDITATED MURDER/ ATTEMPT AGAINST PLAINTIFF [18 U.S.C. § 1111]
   [CA-PC Section 664/ 187] [ACCOMPLICE TO MURDER CA-SB-1437]
   [CA-PENAL CODE 31- AIDING AND ABETTING (ACCOMPLICE LIABILITY)]
   AGAINST DEFENDANT(S) LAS METRO POLICE DEPARTMENT, LOS ANGELES POLICE DEPARTMENT (LAPD), LOS ANGELES SHERIFF'S DEPARTMENT, AGENTS ACTING IN THE NAME OF USDHS: LEGAL TEAM, RESCUE TEAM, SECURITY TEAM, SPECIALTY TEAM].

DEFENDANT(S) have attempted against PLAINTIFF with the involvement of Local Law Enforcement in the State of Nevada on (03.13.2020) in Las Vegas, NV. (LAS VEGAS METRO POLICE DEPARTMENT), and in the State of California on (09.07.2021) (09.12.2021) (09.13.2021) in the City of Whittier, CA. (LOS ANGELES SHERIFF'S DEPARTMENT (Norwalk).  It is ILLEGAL to encourage, facilitate, or aid the commission of a criminal act.  A

**FILED: 11.17.2020**                                   **2:20-cv-10532 (A095-139-271 v. DHS)**

**FILED 08.27.2021**                    **1:21-CV-01759-TNM  (A095-139-271 v. USA)**

1   person who aids and abets a crime faces the same punishment as the one who directly commits

2   the crime.  DEFENDANT(S) did in fact abet or facilitate the induction of a chemical into

3
4   PLAINTIFF'S wrists both in LAS VEGAS, NV and WHITTIER, CA. In both attempts

    PLAINTIFF'S wrists were pressed with handcuffs causing extreme inflammation.  A chemical
5
    unknown to PLAINTIFF numbed his wrists and was not expected to survive while in custody.
6
    It is then requested to the UNITED STATES ATTORNEY GENERAL to conduct an
7   investigation to fully prosecute those abetting and facilitating the PREMEDITATED INTENT

8   TO HARM a disabled person (PREMEDITATED MURDER), Long-term HIV-AIDS survivor

9   with criminal prosecution.  "The natural and probable consequences doctrine allows an aider

    to be convicted of murder, without malice, even where the target offense is not an inherently
10
    dangerous felony. _"(People v. Culuko (2000) 78 Cal.App 4th 307, 322)" (People v. Sanchez_
11
    _(2013) 221 Cal.App 4th 1012, 1026.)" [18 U.S.C._ § 1111- MURDER] The malice to encourage,
12   facilitate, aid and encourage comes from instructions of AGENTS ACTING IN THE NAME

13   OF THE DEPARTMENT OF HOMELAND SECURITY.  As Federal Agents under the scope

14   of SB 54 CALIFORNIA SANCTUARY LAW, other than they may not interfere or operate

    unless a Federal Court ORDER is a [LEGAL WARRANT TO EITHER ARREST OR
15
    INVESTIGATE], have intentionally involved local Law Enforcement and have encouraged
16
    other DEFENDANT(S) facilitating thus encouraging to commit a criminal act.
17
18   _By virtue of § 34 of the Judiciary Act of 1789, state law expressed in constitutional and statuary_

19   _form was regularly applied in Federal Courts in diversity actions._

20   **8.)  [18 U.S.C. § 1519] [25 CFR § 11.440] ELECTRONIC SURVEILLANCE**
         **INVASION OF PRIVACY OR JUSTIFIABLE LAW ENFORCEMENT.**
21
22   _The use of ELECTRONIC DEVICES by DEFENDANT(S) was informed by PLAINTIFF on_

23   _numerous scenarios whereas even noticed the use of "High Tech" DRONES, Wiretapping_

    _{Deliberate use of electronic or electrical equipment to intercept the oral communications of non-_
24
    _consenting parties by a third party or without any consent from [PLAINTIFF].  Such negligent_
25
    _action without legal jurisdiction or justification would then make any information gathered_
26   _ILLEGAL by direct INVASION OF PRIVACY and such evidence would fall under "The Fruit of_

27   _the Poisonous Tree Doctrine". Such actions of negligent behavior is punishable by_

28   _[18 U.S.C. § 792- Harboring or concealing persons]_ : Whoever harbors or conceals any person

     who he knows, or has reasonable grounds to believe or suspect, has committed, an offense

     under sections § 793, § 794 of this title, shall fined under this title or imprisonment not more

     than ten years or both.  DEFENDANT(S) have intentionally encouraged, facilitated, and aided

other DEFENDANT(S) to commit a crime and it is requested the ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA fully prosecute DEFENDANT(S) who have violated, abused, and therefore broken laws by not abiding to the RULE OF LAWS that govern this nation.

**9.) [18 U.S.C. § 1708- THEFT OR RECEIPT OF STOLEN MAIL]**

**DEFENDANT(S) have stolen, tampered, and committed theft of POSTAL MAIL from the United States Postal Service (USPS) intended for PLAINTIFF.  This was informed on numerous circumstances to the District Court of the District of Columbia for CASE 21-cv-01759-TNM where PLAINTIFF informed the Clerk of Courts Simone Biedsoe, Supervisor of the Clerk of Courts Freddy Brown over circumstance where POSTAL MAIL sent through USPS was never received.  Therefore DEFENDANT(S) that have broken laws, violated, or abused this statue should be FULLY PROSECUTED under [18 U.S.C. § 1708] : WHOEVER STEALS, TAKES, OR ABSTRACTS, OR BY FRAUD, OR CONCEALS, OR UNLAWFULLY HAS HIS POSSESSION, ANY LETTER, POSTAL CARD, BAG, OR MAIL, OR ANY ARTICLE, OR THING CONTAINED THEREIN SHALL BE FINED UNDER THIS TITLE OR IMPRISONED FOR MORE THAN FIVE YEARS, OR BOTH.**

**RACKETEERING ENTERPRISETitle 42 U.S.C. § 1961 *UNDER RICO ACT :***

**FIRST CAUSE OF ACTION
NEGLIGENCE AGAINST ALL DEFENDANTS**

**10.) ON OR ABOUT THE FOLLOWING DATE(S) AND TIME(S): [APRIL 20, 2009 MIAMI, FL.],[ JANUARY 31, 2019-FEBRUARY 15, 2019: BERKELEY, CA./ LOS ANGELES, CA.], [MARCH 13, 2020: LAS VEGAS, NV.], [SEPTEMBER 07, 2021: WHITTIER, CA.], [SEPTEMBER 12, 2021: WHITTIER, CA.], [SEPTEMBER 19-20, 2021 : SAN FRANCISCO, CA., CHICAGO (ORD), WASHINGTON D.C.], [SEPTEMBER 24, 2021: BALTIMORE, MD].-**

**In or about April 20, 2009 PLAINTIFF was taken under custody by DEFENDANT(S) under the "PRETENSE OF A LIE" by a FEDERAL OFFICER REPRESENTING ICE/ USDHS by stating PLAINTIFF had entered the UNITED STATES OF AMERICA illegally.**

He was taken to the KROME PROCESSING CENTER/ DETENTION FACILITY operated by DEFENDANT(S).  At all times hereinafter mentioned PLAINTIFF was owed the highest duty of care at the PREMISES of all locations mentioned in this suit represented and operated by DEFENDANT(S).

11.) That at the said place and time and place, DEFENDANT(S) each and every one of them caused damages to PLAINTIFF. [25 CFR § 11.404-FALSE IMPRISONMENT]

12.) That at the time and place, PLAINTIFF was illegally transported "like a convicted prisoner" to another location in the State of Louisiana to the "LA SALLE DETENTION FACILITY" in Jena, LA. [operated by the GEO GROUP] for DEFENDANT(S) ICE/ USDHS. PLAINTIFF was denied a proper diet and missed his daily regimen of HIV Medications on numerous circumstances.  PLAINTIFF was placed in segregation due to his medical condition. [9.27 PARTICULAR RIGHTS-EIGHTH AMENDMENT] [CIVIL LIABILITY FOR INADEQUATE PRISONER MEDICAL CARE] [DELIBERATE INDIFFERENCE]

13.) That at the said time and place DEFENDANT(S), negligently, wantonly, carelessly, intentionally and recklessly, arrested PLAINTIFF without a [LEGAL WARRANT], against his will and without justification or excuse, and was imprisoned for more than (1) MONTH and (3) WEEKS at (3) different Federal Detention facilities: [KROME, LA SALLE, OAKDALE] in two different State(s): [FLORIDA and LOUISIANA] Federal Detention Centers (2) operated by DEFENDANT(S) ICE/ USDHS/ FEDERAL BUREAU OF PRISONS (1) operated by a "Third Party" Corporate for profit company GEO GROUP for DEFENDANT(S).  [25 CFR § 11.404-FALSE IMPRISONMENT]

14.) In or about January 31, 2019 DEFENDANT(S) AGENTS ACTING IN THE NAME OF HOMELAND SECURITY [LEGAL TEAM] negligently, wantonly, carelessly, intentionally and recklessly, made false accusations to DEFENDANT(S) BERKLEY POLICE DEPARTMENT where whereabouts of his location was disclosed ILLEGALLY, and as a result of DEFENDANT(S) accusations, the BERKLEY POLICE falsely arrested PLAINTIFF without justification or excuse.  PLAINTIFF was charged with possession of a "STOLEN VEHICLE" even though it was a RENTAL under his name and had been delayed in returning it to CAR RENTAL at (SFO) due to having an UPPER RESPIRATORY INFECTION.  At the time the only person aware of his destination that day was DEFENDANT JEFFREY JAMES MUMAUGH, [SPECIAL AGENT UNDER COVER AT THE TIME].  PLAINTIFF later discovered DEFENDANT JEFFREY JAMES MUMAUGH was acting or pretending to be a

FILED: 11.17.2020                          2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                    1:21-CV-01759-TNM  (A095-139-271 v. USA)

close friend, however was ILLEGALLY recording PRIVATE CONVERSATIONS between the two parties without the PLAINTIFF'S consent or knowledge.

Therefore any communication obtained ILLEGALLY would constitute to fall under the *"Fruit of the Poisonous Tree Doctrine"* and therefore no evidence or illegally obtained information through these means could NOT be used as "EVIDENCE" against PLAINTIFF as it would violate his PRIVACY in

PRIVATE SETTINGS and would constitute premeditated [645.ENTRAPMENT—ELEMENTS].  DEFENDANT JEFFREY JAMES MUMAUGH [SPECIAL AGENT UNDER COVER] was introduced two years earlier in the year 2016 by DEFENDANT SPECIAL AGENT UNDER COVER COLIN HOBBS "THE GENERAL", and PLAINTIFF assumes both DEFENDANT(S) were providing misleading information about PLAINTIFF: [26 U.S.C. § 7213-UNAUTHORIZED DISCLOSURE OF INFORMATION] [PRIVACY ACT OF 1974]. PLAINTIFF makes a statement both DEFENDANT(S) were in fact part of the "LEGAL TEAM" under the umbrella of the LOS ANGELES POLICE DEPARTMENT (LAPD).  PLAINTIFF and DEFENDANT JEFFREY JAMES MUMAUGH were in fact working together towards a common goal and had a [SIGNED CONFIDENTIALITY AGREEMENT between both parties].  Any release of CONFIDENTIAL information or PRIVATE matters would then fall under [26 U.S.C. § 7213-UNAUTHORIZED DISCLOSURE OF INFORMATION] [PRIVACY ACT OF 1974].  Any EVIDENCE or disclosure of PLAINTIFF'S whereabouts or any PRIVATE INFORMATION would then constitute as ILLEGAL DISCLOSURE and INVASION OF PRIVACY.  [THESE DOCUMENTS PLUS OTHERS CONSIDERED CONFIDENTIAL PRIVATE MATTERS OF PLAINTIFF SALAVERRIA WERE IN FACT STOLEN [ILLEGAL SEIZURE] ON SEPTEMBER 12, 2021 when AGENTS ACTING IN THE NAME OF HOMELAND SECURITY operating illegally under "SB 54 CALIFORNIA SANCTUARY LAW".  PLAINTIFF sustained ASSAULT AND BATTERY, his personal CONFIDENTIAL COURT DOCUMENTS AND EVIDENCE (HARD COPIES) for CASE 21-cv-01759-TNM.  PLAINTIFF MAKES A STATEMENT THAT IF ANYTHING WERE TO HAPPEN TO DEFENDANT JEFFEY JAMES MUMAUGH, THIS IS IN FACT [PREMEDITATED MURDER/ ATTEMPT AGAINST PLAINTIFF [18 U.S.C. § 1111][CA-PC Section 664/ 187] [ACCOMPLICE TO MURDER CA-SB-1437][CA-PENAL CODE 31- AIDING AND ABETTING (ACCOMPLICE LIABILITY)] ATTEMPT FROM CORRUPT AGENTS COVERING FOR SERIOUS CRIMES AND ANYONE INVOLVED WILL BE PROSECUTED TO THE FULLEST EXTENT OF THE LAW AS A DIRECT REQUEST TO THE UNITED STATES ATTORNEY GENERAL. ANY AGENT(S) WITH SUCH DISREGARD FOR HUMAN LIFE SHOULD BE PROSECUTED TO THE FULLEST EXTENT OF THE RULE OF LAW AND

WILL BE REPORTED AS AN ACT OF COWARDICE FOR SERIOUS VIOLATIONS OF HUMAN RIGHTS AND THAT CONSTITUTING CRIMES AGAINST HUMANITY TO THE [INTER-AMERICAN COMMISSION OF HUMAN RIGHTS] AT THE ORGANIZATION OF AMERICAN STATES (OAS) AND A CASE WILL BE OPEN AGAINST THE UNITED STATES OF AMERICA.  PLAINTIFF IS IN THE PROCESS TO PRESENT HIS CASE TO OFFICE OF HUMAN RIGHTS AT THE UNITED NATIONS.

During the ILLEGAL ARREST [25 CFR § 11.404-FALSE IMPRISONMENT] perpetrated by DEFENDANT(S) with the participation of DEFENDANT(S) BERKLEY POLICE DEPARTMENT under the pretense of a "BOGUS CHARGE" PLAINTIFF was taken to one of the most dangerous Correctional Facilities "ALAMEDA COUNTY JAIL" where he was denied a proper diet, placed in the PROTECTIVE CUSTODY UNIT, and denied adequate MEDICAL CARE at this facility.  [9.27 PARTICULAR RIGHTS-EIGHTH AMENDMENT] [CIVIL LIABILITY FOR INADEQUATE PRISONER MEDICAL CARE] [DELIBERATE INDIFFERENCE] The charge by the BERKLEY POLICE DEPARTMENT was rejected by the OAKLAND DISTRICT ATTORNEY, however DEFENDANT(S) "LEGAL TEAM" had disclosed information so PLAINTIFF would be placed on a PRISONER TRANSPORTATION BUS OF THE LOS ANGELES SHERIFF'S DEPARTMENT on February 5, 2021.  Although PLAINTIFF was eligible to be released by posting BAIL, DEFENDANT(S) had been in direct contact with the LOS ANGELES SHERIFF'S DEPARTMENT so he would be processed at THE LOS ANGELES COUNTY JAIL.  At this facility PLAINTIFF was presented with a (NTA-ICE/ USDHS), and the true reason behind this scenario was to process PLAINTIFF for a MARIJUANA charge (THAT WAS NOT ON HIS RECORD AT THE TIME) and a pending matter that would constitute a DEPORTABLE CRIME.  However this charge was in fact part of PRIVATE INFORMATION released by DEFENDANT(S) "LEGAL TEAM" to other Law Enforcement in the State of California with a PREMEDITATED INTENT TO INFLICT HARM to PLAINTIFF SALAVERRIA.  PLAINTIFF SALAVERRIA has been a MEDICAL MARIJUANA PATIENT since the year 2010 in the State of California, and has taken CANNABIS CONCENTRATES as part of his DAILY REGIMEN to treat his HIV CONDITION since (2013) as duly reported to his MEDICAL DOCTORS at UCLA and NYU LANGONE. Any ILLEGAL SEIZURE of personal medication would fall under [18 U.S.C. § 670-THEFT OF MEDICAL PRODUCTS.] [26 U.S.C. § 7213-UNAUTHORIZED DISCLOSURE OF INFORMATION] [PRIVACY ACT OF 1974] [ILLEGAL SEIZURE]. ILLEGAL ARREST [25 CFR § 11.404-FALSE IMPRISONMENT]

15.) That as a proximate result of the said acts of the DEFENDANT(S), PLAINTIFF did in fact suffer the most severe humiliation, mental anguish, emotional distress, and direct impact to his health, all to his damage in an amount to be shown according to proof.

16.) That as a direct proximate result of said acts of the DEFENDANT(S), PLAINTIFF sustained severe bodily injuries to various parts of his body.
 [10 U.S.C. § 928 ART 128-ASSAULT AND BATTERY]

17.) In or about [March 13, 2020] DEFENDANT(S) AGENTS ACTING IN THE NAME OF HOMELAND SECURITY (LEGAL TEAM, RESCUE TEAM, SECURITY TEAM, SPECIALTY TEAM) under direct influence and premeditated manner of DEFENDANT SPECIAL AGENT COLIN HOBBS under an ILLEGAL COVERT OPERATION that spanned between the State of California (I-15) to the City of Las Vegas, NV. DEFENDANT(S) ACTING IN THE NAME OF HOMELAND SECURITY as mentioned herein, negligently, wantonly, carelessly, intentionally, and recklessly, made FALSE ACCUSATIONS to Local Law Enforcement DEFENDANT(S) LAS VEGAS METRO POLICE DEPARTMENT, and as a result of the DEFENDANT(S) ACTING IN THE NAME OF HOMELAND SECURITY accusations and false statements with direct involvement of DEFENDANT(S) LAS VEGAS METRO POLICE DEPARTMENT arrived in a PRIVATE PROPERTY without a LEGAL WARRANT, where DEFENDANT(S) AGENTS ACTING IN THE NAME OF HOMELAND SECURITY had violated protocols of entering in a PRIVATE PROPERTY and MADE DIRECT THREATS TO PLAINTIFF SALAVERRIA.  As direct consequence of this criminal behavior of both DEFENDANT(S) mentioned in this section (17), UNLAWFULLY ARRESTED, DETAINED, AND CITED PLAINTIFF for crimes he did not commit. DEFENDANT(S) AGENTS ACTING IN THE NAME OF HOMELAND SECURITY as mentioned in this section (17), planted FALSE EVIDENCE OF NARCOTICS/ COCAINE [18 U.S.C. § 1038- FALSE INFORMATION AND HOAXES] [CA PENAL CODE 141 PC]. in PLAINTIFF'S vehicle, which was vandalized, towed, without LEGAL JURISDICTION, JUSTIFICATION, and with a premeditated intent to INFLICT HARM TO PLAINTIFF. [26 U.S.C. § 7213-UNAUTHORIZED DISCLOSURE OF INFORMATION] [PRIVACY ACT OF 1974] [ILLEGAL SEIZURE]. [PREMEDITATED MURDER/ ATTEMPT AGAINST PLAINTIFF [18 U.S.C. § 1111][CA-PC Section 664/ 187] [ACCOMPLICE TO MURDER CA-SB-1437][CA-PENAL CODE 31- AIDING AND ABETTING (ACCOMPLICE LIABILITY)]

18.) That as a proximate result of a reoccurring ILLEGAL OPPRESSIVE and NEGLIGENT conduct of the mentioned DEFENDANT(S) [LAS VEGAS METRO POLICE DEPARTMENT] [AGENTS ACTING IN THE NAME OF HOMELAND SECURITY:

LEGAL TEAM, RESCUE TEAM, SECURITY TEAM, SPECIALTY TEAM], PLAINTIFF
was IMPRISONED [ILLEGAL ARREST [25 CFR § 11.404-FALSE IMPRISONMENT] for
more than (2) days at the CLARK COUNTY DETENTION FACILITY.  PLAINTIFF was
denied adequate MEDICAL CARE. As a direct proximate result PLAINTIFF SUFFERED
NUMEROUS INJURIES TO HIS BODY. [9.27 PARTICULAR RIGHTS-EIGHTH
AMENDMENT] [CIVIL LIABILITY FOR INADEQUATE PRISONER MEDICAL CARE]
[DELIBERATE INDIFFERENCE]

19.) In or about [September 07, 2021] PLAINTIFF while walking peacefully approximately
two blocks from his residence [14357 Lanning Drive Whittier, CA 90604] noticed activity of
numerous vehicles and decided to further investigate possible locations of ILLEGAL
SURVEILLANCE including activity from both of the neighbors houses.  Earlier that morning
PLAINTIFF made an attempt to contact DEFENDANT JEFFREY JAMES MUMAUGH
[NOW A RETIRED AGENT UNDER COVER] and noticed there was mysterious activity
coming from the neighbors house [14363 Lanning Drive, Whittier, CA 90604].  At the time
PLAINTIFF had noticed numerous forms of unidentified people coming in and out of this
residence.  Around [1:50 PM PST] on ARMLEY AVENUE, (3) LOS ANGELES SHERIFF'S
DEPARTMENT (NORWALK) vehicles stopped around 300 feet away from the location
PLAINTIFF.  Deputy Officers approached PLAINTIFF whereas other vehicles on location
were in FACT part of the DEFENDANT(S) AGENTS ACTING IN THE NAME OF
HOMELAND SECURITY: LEGAL TEAM, RESCUE TEAM, SECURITY TEAM.  The
neighbor [SANDRA (ACCOMPLICE) driving a WHITE DODGE: Lives with her husband
Alex, Father Mel, and her two sons at 14351 Lanning Drive] pointed at PLAINTIFF so he was
identified while a few other vehicles closed access to both ends of the street.  PLAINTIFF was
approached by  SHERIFF DEPUTIES (FIRST:OF ASIAN DESCENT, SECOND OF
LATINO DESCENT, THIRD AMERICAN WHITE) while a few moments later three
additional LOS ANGELES SHERIFF'S (NORWALK) vehicles stopped around 300 feet away.
PLAINTIFF was handcuffed with no justification or reason, was ASSAULTED by a total of
"FOUR" OFFICERS using excessive force.  Under the same circumstances and in a similar
manner PLAINTIFF was given some sort of chemical through a lesion perpetrated by
arresting OFFICERS while being thrown on the ground. He was placed inside one of the
LOS ANGELES SHERIFF'S (Norwalk) vehicle in a very hot condition with no A/C with a
premeditated intent to elevate his pressure in an attempt to MURDER PLAINTIFF by
causing either an induced heart attack through a hematoma.  PLAINTIFF sustained serious
injuries during the incident.  PLAINTIFF was then taken by the arresting DEFENDANT(S)
whereas he was taken to an EMERGENCY ROOM at a CLINIC near Norwalk, CA.
ILLEGAL ARREST [25 CFR § 11.404-FALSE IMPRISONMENT] [26 U.S.C. § 7213-

**FILED 08.27.2021                    1:21-CV-01759-TNM  (A095-139-271 v. USA)**
UNAUTHORIZED DISCLOSURE OF INFORMATION] [PRIVACY ACT OF 1974]
[ILLEGAL SEIZURE]. [PREMEDITATED MURDER/ ATTEMPT AGAINST PLAINTIFF
[18 U.S.C. § 1111][CA-PC Section 664/ 187] [ACCOMPLICE TO MURDER CA-SB-1437]
[CA-PENAL CODE 31- AIDING AND ABETTING (ACCOMPLICE LIABILITY)]
At the EMERGENCY ROOM the took a URINE test and an X-RAY of PLAINTIFF'S wrist
which was extremely inflamed.  PLAINTIFF did not consent or sign any document for the use
of any PERSONAL MEDICAL RECORD protected by the HIPAA ACT and therefore any
MEDICAL RECORD that day may NOT be used as EVIDENCE against PLAINTIFF.
The Urine analysis did show PLAINTIFF did have a "controlled substance" in his system,
D-AMPHETAMINE SALT COMBO [ADDERALL] which is in FACT part of the medications
prescribed by his MEDICAL DOCTORS both at UCLA and NYU LANGONE.  PLAINTIFF
was cited and ILLEGALLY ARRESTED [25 CFR § 11.404-FALSE IMPRISONMENT]
[26 U.S.C. § 7213-UNAUTHORIZED DISCLOSURE OF INFORMATION] [PRIVACY ACT
OF 1974].  PLAINTIFF WAS NOT EXPECTED TO SURVIVE WHILE IN CUSTODY.
PLAINTIFF SUFFERED NUMEROUS INJURIES TO HIS BODY. [9.27 PARTICULAR
RIGHTS-EIGHTH AMENDMENT] [CIVIL LIABILITY FOR INADEQUATE PRISONER
MEDICAL CARE] [DELIBERATE INDIFFERENCE] [10 U.S.C. § 928-ART. 128-ASSAULT
AND BATTERY.

TAMPERING WITH EVIDENCE IS A CRIME OF ALTERING, DESTROYING, OR
CONCEALING PHYSICAL EVIDENCE WITH THE INTENT TO AFFECT THE
OUTCOME OF A CRIMINAL INVESTIGATION OR COURT PROCEEDING AT BOTH
STATE AND FEDERAL LEVEL. [18 U.S.C. § 1519] [645.ENTRAPMENT-ELEMENTS]

**20.)** That as a proximate result of said acts of the DEFENDANT(S) through their direct
involvement and without justification or LEGAL JURISDICTION and excuse with other
DEFENDANT(S) LOCAL LAW ENFORCEMENT, PLAINTIFF did in fact suffer once again
the most severe form of humiliation, mental anguish and emotional distress, his health was
severely compromised, all to his damage in an amount to be shown according to proof.

**21.)** On or about [September 12, 2021] at his residence [14357 Lanning Drive Whittier, CA.
90604] [PLAINTIFF SALAVERRIA has lived at this address for over 11 years and said
property belongs to JOANN DIAZ DE MORALES] PLAINTIFF noticed the owner acting in a
indifferent manner that afternoon.  In addition in the surrounding areas of the residence,
especially the neighbor's house [14363 Lanning Drive Whittier, CA 90604] PLAINTIFF
SALAVERRIA noticed several people who in FACT were part of a deliberate
PREMEDITATED INTENT TO HARM PLAINTIFF as the MOTION DETECTOR of the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ALARM SYSTEM was showing movement and presence of several people in the surroundings of his residence.  The ALARM SYSTEM had been ON ALL DAY, as PLAINTIFF had noticed numerous "strange" vehicles that day monitoring the residence.

PLAINTIFF now concludes JOANN DIAZ DE MORALES was either approached by DEFENDANT(S) thus agreed to be part of a plan later that evening where PLAINTIFF was once again ATTEMPTED against by DEFENDANT(S) AGENTS ACTING IN THE NAME OF HOMELAND SECURITY: LEGAL TEAM, RESCUE TEAM, SECURITY TEAM, SPECIALTY TEAM and WITH DIRECT INVOLVEMENT OF LOCAL LAW ENFORCEMENT LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES POLICE DEPARTMENT (LAPD).  THEREFORE JOANN DIAZ DE MORALES THEN EITHER AGREED TO ENABLE DEFENDANT(S) OR WAS PART OF THE PREMEDITATED PLAN TO INFLICT DIRECT HARM ON PLAINTIFF.  [PREMEDITATED MURDER/ ATTEMPT AGAINST PLAINTIFF [18 U.S.C. § 1111][CA-PC Section 664/ 187] [ACCOMPLICE TO MURDER CA-SB-1437][CA-PENAL CODE 31- AIDING AND ABETTING (ACCOMPLICE LIABILITY)].

THAT EVENING SINCE AROUND [9:00 PM PST] THE ALARM SYSTEM WAS DEPLOYED.  PLAINTIFF MADE NUMEROUS CALLS FROM THE LANDLINE [562.789.6077] TO 911 [NORWALK] HOWEVER NO ASSISTANCE OR HELP WAS EVER RECEIVED BY THE LOCAL AUTHORITIES.  HIS ELECTRONIC EMAILS WERE IN FACT BEING DIVERTED AND TAMPERED BY DEFENDANT(S).  PLAINTIFF HOWEVER DID SEND NUMEROUS MESSAGES OF THE EVENTS THAT EVENING THROUGH FACEBOOK MESSENGER AND SEVERAL CALLS TO THE UNITED STATES EMBASSY PROTOCOL SAN SALVADOR.  THE OWNER OF THE HOUSE JOANN DIAZ DE MORALES HAD LEFT THAT EVENING WITH HER MOTHER IRENE DIAZ AND BOOKED A HOTEL THAT EVENING MAKING SEVERAL MISLEADING CLAIMS AGAINST PLAINTIFF.  PLAINTIFF NOW IS IN KNOWLEDGE DEFENDANT(S) DID IN FACT COME INTO AN AGREEMENT TO INFLICT HARM ON PLAINTIFF SALAVERRIA.  THE AGREEMENT BETWEEN BOTH PARTIES IS UNKNOWN, HOWEVER SHE HAD BEEN OFFERED SOME SORT OF MONEY COMPENSATION AND THEREFORE DIRECTLY BETRAYED PLAINTIFF'S TRUST THUS BECOMING AN ACCOMPLICE TO THIS SCENARIO.  BOTH NEIGHBORS DID IN FACT HAVE KNOWLEDGE OF THE PREMEDITATED PLAN THAT DAY THEREFORE ARE ACCOMPLICES TO THIS INCIDENT TO INFLICT HARM ON PLAINTIFF.

1   AROUND [1:07 AM PST 09.13.2021] DEFENDANT(S) ENTERED PRIVATE PROPERTY
2   WHEREAS PLAINTIFF SUSTAINED NUMEROUS INJURIES, WAS ASSAULTED BY
3   UNKNOWN INDIVIDUALS, WAS WOUNDED WITH SEVERAL OPEN WOUNDS, AND
    WAS EXPOSED TO RADIATION FOR MORE THAN TEN CONSECUTIVE HOURS.
4   PLAINTIFF MADE THE ATTEMPT TO PROTECT HIS BODY FROM SAID EXPOSURE
5   BY WRAPPING HIMSELF IN MYLAR ALUMINUM BAGS THUS PLACING A
6   COOKING POT OVER HIS HEAD.  DEFENDANT(S) DESTROYED NUMEROUS
    FURNITURE AT THE RESIDENCE INCLUDING CONFIDENTIAL PAPERS AND
7   PRIVATE PROPERTY BELONGING TO PLAINTIFF.  AROUND [4:12 AM PST
8   09.13.2021] FOUR UNIDENTIFIED AGENTS ACTING IN THE NAME OF HOMELAND
9   SECURITY [RESCUE TEAM] DESTROYED, STOLE, AND TAMPERED WITH
    EVIDENCE FOR CASE 21-cv-01759-TNM.  DEFENDANT(S) HAD THE INTENT TO FIND
10  THE SIGNED CONFIDENTIALITY AGREEMENT SIGNED BETWEEN *PLAINTIFF*
11  *SALAVERRIA AND DEFENDANT JEFFREY JAMES MUMAUGH.*  BY DOING SO THEY
12  WOULD DIRECTLY DESTROY ALL EVIDENCE THAT WOULD BE ABLE TO PROVE
    THEIR CRIMINAL ACTIVITY AND ACTIONS THROUGH THE SCOPE OF
13  ILLEGALLY INVESTIGATING PLAINTIFF OTHER THAN IMPLANTING FALSE
14  EVIDENCE THROUGH THE SCOPE OF AT LEAST THREE YEARS.  ANY ARREST
15  THAT PLAINTIFF DID IN FACT SUFFER IS DIRECTLY ASSOCIATED WITH A
    PREMEDITATED INTENT OF DEFENDANT(S) TO INFLICT HARM, RETALIATE, ALL
16  TO COVER FOR THE DELIBERATE CRIMINAL ACTIVITY INFLICTED UPON
17  PLAINTIFF SALAVERRIA WITHOUT JUSTIFICATION OR LEGAL JURISDICTION.
18  DEFENDANT(S) STOLE HIS NEW PERSONAL APPLE COMPUTER, IMMIGRATION
    DOCUMENTS, CALIFORNIA DRIVERS LICENSE, CREDIT CARDS, AND
19  MEDICATIONS WITH A MARKET VALUE OF $25,000.00 USD *KNOWINGLY, AND WITH*
20  *INTENT TO TAMPER WITH EVIDENCE [IN CONTEMPLATION OF FUTURE*
    *PROCEEDING 21-cv-01759-TNM].*
21

22  *According to THE RULE OF LAW: The UNITED STATES Government takes tampering with*
23  *EVIDENCE very seriously. A person who is convicted of the crime under FEDERAL LAW may*
    *face prison for up to "20 YEARS" a FINE or BOTH. [18 U.S.C. § 1519]*
24

25  [PREMEDITATED MURDER/ ATTEMPT AGAINST PLAINTIFF [18 U.S.C. § 1111].
26  [CA-PC Section 664/ 187] [ACCOMPLICE TO MURDER CA-SB-1437]
    [CA-PENAL CODE 31- AIDING AND ABETTING (ACCOMPLICE LIABILITY)]
27

28  [18 U.S.C. § 1038-FALSE INFORMATION OR HOAXES]

BIVENS/ SECTION 1983 COMPLAINT- UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

[34 U.S.C. § 12601-POLICE MISCONDUCT] POLICE MISCONDUCT OR THAT INVOLVING FEDERAL AGENTS LEADS TO CRIMINAL PROSECUTION.

[18 U.S.C. § 670- THEFT OF MEDICAL PRODUCTS ]

PLAINTIFF SALAVERRIA WAS ONCE AGAIN ATTEMPTED AGAINST AND WAS BEING FOLLOWED BY NUMEROUS VEHICLES WHEN HE CHECKED IN PIH HOSPITAL IN WHITTIER, CA.  HE BELIEVES HE WOULD BE MURDERED AND LEFT THE PREMISES OF THE HOSPITAL IN FEAR OF HIS SAFETY AND FEAR FOR HIS LIFE.  HE CONTINUED TO BE FOLLOWED BY NUMEROUS VEHICLES THAT EVENING. EVEN THOUGH HE WAS NEVER TREATED FOR HIS INJURIES THAT DAY PIH HOSPITAL STILL BILLED PLAINTIFF'S INSURANCE IN OVER $1600.00 USD. [DELIBERATE INDIFFERENCE] [10 U.S.C. § 928-ART. 128-ASSAULT AND BATTERY. PLAINTIFF SUFFERED A SHOULDER FRACTURE DURING THIS ASSAULT AND BATTERY.

PLAINTIFF LEFT HIS RESIDENCE ON SEPTEMBER 14, 2021 IN FEAR FOR HIS SAFETY AND LIFE AND HAS ENCOUNTERED THROUGH HIS JOURNEY CONTINUED ILLEGAL SURVEILLANCE, OPPRESSIVE AND NEGLIGENT BEHAVIOR, HARASSMENT, INVASION OF PRIVACY BY DEFENDANT(S).

22.) That as a proximate result of said acts of the DEFENDANT(S) through their direct involvement and without justification or LEGAL JURISDICTION and excuse with other DEFENDANT(S) LOCAL LAW ENFORCEMENT, PLAINTIFF did in fact suffer once again the most severe form of humiliation, mental anguish and emotional distress, his health was severely compromised, all to his damage in an amount to be shown according to proof.

23.) On or about [September 19, 2021] PLAINTIFF arrived to the City of San Francisco, CA. And through his journey noticed numerous vehicles following his whereabouts [CONTINUED ILLEGAL SURVEILLANCE] by DEFENDANT(S) AGENTS ACTING IN THE NAME OF HOMELAND SECURITY.  PLAINTIFF has the knowledge the Office of the GOVERNOR OF CALIFORNIA GAVIN NEWSOM is directly involved in the scope of this ILLEGAL OPERATION. In addition while FEDERAL AGENTS are prohibited to operate or conduct this type of ILLEGAL SURVEILLANCE which is prohibited by SB 54 CALIFORNIA SANCTUARY LAW, added to both the CITY OF LOS ANGELES and the CITY OF SAN FRANCISCO being designated SANCTUARY CITIES.  By such involvement any known

FILED: 11.17.2020                                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                          1:21-CV-01759-TNM  (A095-139-271 v. USA)

1   person, third party, or LAW ENFORCEMENT of any kind would be involved in

2   OBSTRUCTION OF JUSTICE [18 U.S.C. § 1503] [18 U.S.C. CHAPTER 73]

3   [CA-PENAL CODE 31- AIDING AND ABETTING (ACCOMPLICE LIABILITY)]

    [18 U.S.C. § 1519-TAMPERING WITH EVIDENCE]

4

5   PLAINTIFF SALAVERRIA BOOKED AN AWARD TICKET THROUGH HIS ALASKA

6   AIRLINES MVP MILEAGE PROGRAM MAKING A DECISION TO TRAVEL TO

    WASHINGTON D.C.: [PNR DVZQVI/ AMERICAN AIRLINES SF0-ORD (AA308)-ORD-

7   CLT (AA 2052)-CLT-IAD (AA5336) ON A MIXED FIRST CLASS TICKET.  PLAINTIFF

8   SALAVERRIA HAD PREVIOUSLY EXPERIENCED ILLEGAL DISCLOSURE OF HIS

9   PRIVATE INFORMATION WHICH HE HAD REPORTED OVER A YEAR AND A HALF

    BEFORE DURING A TRIP TO HAWAII WHERE INFORMATION WAS DISCLOSED

10  ILLEGALLY TO DEFENDANT(S).

11

12  When he arrived at [SFO] to check in to his scheduled flight the ticket agent of AMERICAN

13  AIRLINES mentioned that the reservation had been cancelled for some reason.  This again

    confirming ILLEGAL SURVEILLANCE or INTERFERENCE by DEFENDANT(S).  He

14  proceeded to take flight AMERICAN [AA 308 SFO-ORD] and checked in one piece of luggage

15  [BAGGAGE TAG: AA 5001 272 628 PRIORITY FIRST CLASS] thus PLAINTIFF

16  mentioning to the AMERICAN AIRLINES agent because he was carrying medication in a

    liquid form of more than 3 oz. that is required for CARRY-ON, he would have to check in the

17  piece of luggage where he had a six month HIV THERAPY SUPPLY, and MEDICAL

18  CANNABIS PRODUCT WITH CBD/THC 1:1 RATIO PLAINTIFF uses on a daily regimen

19  with ANTIRETROVIRAL Therapy to treat his HIV CONDITION.  The worth of the

    medication as mentioned herein supersedes the value of $17,500.00 USD.

20

21  On  September 20, 2021 at CHICAGO-ORD once BOARDING his connecting flight [AA 2052

22  ORD-CLT] sitting in seat 1A FIRST CLASS towards the end of the BOARDING procedure

    one last passenger that would sit at seat 1B he immediately noticed strange behavior and is

23  fact sure was an AGENT identified as DEFENDANT(S) LEGAL TEAM.  PLAINTIFF

24  decided to deplane that flight and inform CORPORATE SECURITY that he was carrying

25  LEGAL DOCUMENTS to the DISTRICT COURT OF THE DISTRICT OF COLUMBIA and

    that his PRIVACY and SECURITY was to be respected. CORPORATE SECURITY

26  AMERICAN AIRLINES ANTHONY GALLAGHER [ORD] took the decision to block [PNR

27  DVZQI]. PLAINTIFF is aware his PRIVATE INFORMATION was ILLEGALLY

    DISCLOSED by the CARRIER thus BREACHING THE CONDITIONS OF CARRIAGE

28  CONTRACT between PASSENGER and CARRIER.  PLAINTIFF BELIEVES LUGGAGE

1   WAS ILLEGALLY TAKEN OR CONFISCATED BY DEFENDANT(S), or TAMPERED

2   which constitutes INVASION OF PRIVACY and ILLEGAL SEIZURE OF MEDICATION.

3   PLAINTIFF was forced to PURCHASE another ticket with UNITED AIRLINES to reach

    FINAL DESTINATION WASHINGTON [DCA].  PLAINTIFF duly informed

4

5   AMERICAN AIRLINES of [BAG TAG: AA 5001 272 628], and has been in contact with

6   WENDY ELLIS AA [IAD] and the LEGAL DIVISION of both AMERICAN AIRLINES and

    ALASKA AIR.  PLAINTIFF SALAVERRIA HAS SERVED A BREACH OF CONTRACT

7   LEGAL NOTICE TO BOTH CARRIERS WITH THE INTENT TO FILE A FEDERAL

8   COMPLAINT AGAINST BOTH AIRLINES AND DEFENDANT(S) FOR THEFT AND

    ILLEGAL SEIZURE OF A MEDICAL PRODUCT.  AS OF NOVEMBER 3, 2021

9   AMERICAN AIRLINES HAS REMAINED SILENT TO THE ALLEGATION

10  CONFIRMING THE PARTICIPATION AND CRIMINAL BEHAVIOR OF

11  DEFENDANT(S).

12
    [18 U.S.C. § 670- THEFT OF MEDICAL PRODUCTS ]
13
    [18 U.S.C. § 1038-FALSE INFORMATION OR HOAXES]
14  [34 U.S.C. § 12601-POLICE MISCONDUCT]
    [26 U.S.C. § 7213-UNAUTHORIZED DISCLOSURE OF INFORMATION]
15  [PRIVACY ACT OF 1974].

16

17  DEFENDANT(S) HAVE CONTINUED TO HARASS PLAINTIFF WHILE TAMPERING

18  WITH EVIDENCE AND OBSTRUCTION OF JUSTICE IN WASHINGTON D.C.,

    BALTIMORE, MD, AND NEW YORK CITY.  PLAINTIFF IS AWARE DEFENDANT(S)

19  HAVE BEEN TAMPERING AND/OR STEALING POSTAL MAIL AND LEGAL

20  DOCUMENTS INTENDED FOR PLAINTIFF THUS DIVERTING ELECTRONIC EMAIL

21  COMMUNICATIONS THEREFORE ON CONTINUED NEGLIGENT OPPRESSIVE

    CRIMINAL BEHAVIOR. IN NEW YORK CITY ONCE AGAIN THESE DEFENDANT(S)

22  AGENTS ACTING IN THE NAME OF HOMELAND SECURITY LEGAL TEAM RESCUE

23  TEAM ARE IN FACT OPERATING ILLEGALLY AS NEW YORK HAS BEEN

24  DESIGNATED A SANCTUARY CITY.

25  24.) That as a proximate result of said acts of the DEFENDANT(S) through their direct

26  involvement and without justification or LEGAL JURISDICTION and excuse with other

27  DEFENDANT(S) LOCAL LAW ENFORCEMENT, PLAINTIFF did in fact suffer once again

    the most severe form of humiliation, mental anguish and emotional distress, his health was

28  severely compromised, all to his damage in an amount to be shown according to proof.

FILED: 11.17.2020                                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                                    1:21-CV-01759-TNM  (A095-139-271 v. USA)

## SECOND CAUSE OF ACTION
## ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

**25.) PLAINTIFF hereby incorporates herein each and every allegation contained within sections 1 through 25 in the GENERAL ALLEGATIONS set out in full herein.**

**26.) On or about the following date(s) and time(s): [APRIL 20, 2009-MIAMI, FL., JANUARY 31, 2019-FEBRUARY 15, 2019-BERKLEY, CA/ LOS ANGELES, CA., MARCH 13, 2020 LAS VEGAS, NV, SEPTEMBER 07, 2021 WHITTIER, CA., SEPTEMBER 12, 2021 WHITTIER, CA., SEPTEMBER 19, 2021 SAN FRANCISCO, CA., SEPTEMBER 20, 2021 CHICAGO [ORD], SEPTEMBER 20-24, 2021 WASHINGTON D.C., SEPTEMBER 24, 2021 BALTIMORE, MD., SEPTEMBER 24, 2021- NOVEMBER 3, 2021 NEW YORK CITY, NY., PLAINTIFF at all times herein mentioned was conducting himself in a respectable, peaceful, law abiding manner and did nothing to justify the acts of the DEFENDANT(S) as described herein.**

**27.)At the set time(s) and date(s), DEFENDANT(S), intentionally, maliciously, wantonly, and recklessly, have conducted ILLEGAL SURVEILLANCE with no LEGAL JURISDICTION, recklessly grabbed, handcuffed, punched, beat, kicked, stolen PRIVATE DOCUMENTS, TAMPERED WITH EVIDENCE, MADE FALSE ACCUSATIONS, ATTEMPTED AGAINST PLAINTIFF and dragged PLAINTIFF to numerous DETENTION FACILITIES, in the State(s) of FLORIDA, LOUiSIANA, NEVADA, CALIFORNIA.  He was unlawfully imprisoned and prosecuted (1) MONTH and (3) WEEKS between FEDERAL DETENTION FACILITIES and STATE PRISONS in the State(s) of FLORIDA and LOUISIANA, (4) WEEKS in the State of CALIFORNIA, and (2) DAYS in the State of NEVADA.**

**28.) At all times herein mentioned, PLAINTIFF offered no resistance to the DEFENDANT(S), and DEFENDANT(S) had no reason, justification, or excuse to commit the above mentioned acts.**

**29.) PLAINTIFF sustained numerous injuries to his body, was exposed to RADIATION at times, and his personal health was severely compromised, was put in imminent danger, and sustained further damages as shown according to proof.**

[RACKETEERING ENTERPRISE Title 42 U.S.C. § 1961 *UNDER RICO ACT]*
*APPLIES IN FULL AGAINST ALL DEFENDANT(S) FOR INTERFERENCE*
*OF DEFENDANT(S) DURING LEGAL PROCEEDINGS THAT RESTRICTED*
*PLAINTIFF TO DELIVER REQUIRED PAPERWORK AND ORDERS DUE*
*TO RETALIATION, DIRECT THEATS AND PREMEDITATED ATTEMPTS*
*AGAINST PLAINTIFF ALEX ALFONSO SALAVERRIA BY DEFENDANT(S)*
*CRIMINAL BEHAVIOR.*

30.) In doing the acts as alleged above, DEFENDANT(S) intended to cause PLAINTIFF physical harm and injury and to place PLAINTIFF in apprehension of harmful and offensive contact.  PLAINTIFF personal life was ATTEMPTED against in FIVE separate times.

31.) As a result DEFENDANT(S) acts as alleged above PLAINTIFF in FACT, was placed in great apprehension of harmful and offensive contact.

32.) In doing the acts as alleged herein DEFENDANT(S) did in FACT, create harmful and offensive contacts with PLAINTIFF other than attempting against PLAINTIFF'S life in FIVE separate times.

33.) As a proximate result of the acts of DEFENDANT(S) as alleged in causes of action, PLAINTIFF was hurt and injured in his head, strength, sustained numerous injuries to his health, body, nervous system and person, affected directly to his immune health and HIV condition, ATTEMPTED AGAINST HIS LIFE ON FIVE SEPARATE TIMES and CONTINUE TO CAUSE PLAINTIFF great mental, physical, and nervous pain and suffering.

34.) As a further proximate result of the acts of the DEFENDANT(S), PLAINTIFF has incurred, and will continue to incur medical, psychiatric, and related expenses.  The full amount of these expenses to this date is in the hundreds of thousands of dollars.  PLAINTIFF will MOVE to amend this complaint when the exact amount is known, or on proof thereof.

35.) The aforementioned conduct of DEFENDANT(S) was willful and malicious and was intended to oppress, cause injury, to the extent to MURDER PLAINTIFF.

36.) That as further proximate result of said acts of DEFENDANT(S), PLAINTIFF did in FACT suffer the most severe humiliation, betrayal, mental anguish and emotional distress, all to his damage in an amount to be shown according to proof.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

**37.) PLAINTIFF hereby incorporates herein each and every allegation contain within sections 1 through 39 as set out in full in (GENERAL ALLEGATIONS)**

**38.) ) On or about the following date(s) and time(s): [APRIL 20, 2009-MIAMI, FL., JANUARY 31, 2019-FEBRUARY 15, 2019-BERKLEY, CA/ LOS ANGELES, CA., MARCH 13, 2020 LAS VEGAS, NV, SEPTEMBER 07, 2021 WHITTIER, CA., SEPTEMBER 12, 2021 WHITTIER, CA., SEPTEMBER 19, 2021 SAN FRANCISCO, CA., SEPTEMBER 20, 2021 CHICAGO [ORD], SEPTEMBER 20-24, 2021 WASHINGTON D.C., SEPTEMBER 24, 2021 BALTIMORE, MD., SEPTEMBER 24, 2021- NOVEMBER 3, 2021 NEW YORK CITY, NY.], DEFENDANT(S) without warning, justification, defense or privilege, grabbed, punched, beat, kicked, inflicted direct harm, STOLE LEGAL CONFIDENTIAL DOCUMENTS, TAMPERED WITH EVIDENCE, were involved in OBSTRUCTION OF JUSTICE, STOLE and TAMPERED with POSTAL MAIL INTENDED FOR PLAINTIFF, have been involved in INVASION OF PRIVACY, have made numerous FALSE ACCUSATIONS, ILLEGALLY SEIZED PRIVATE PERSONAL PROPERTY, HAVE STOLEN MEDICATION VALUED AT MORE THAN $50,000.00 USD, HAVE DISCLOSED MEDICAL RECORDS, have dragged PLAINTIFF to numerous DETENTION FACILITIES in several State(s) mentioned in this suit.  PLAINTIFF was unlawfully detained and prosecuted for extensive periods of time without JUSTIFICATION or LEGAL JURISDICTION.  DEFENDANT(S) have further assaulted PLAINTIFF, in conscious and reckless and callous disregard of PLAINTIFF'S well being, thus exposing PLAINTIFF to RADIATION to the point of ATTEMPTING against his life on FIVE different times. DEFENDANT(S) knew, or should have known, that their conduct would cause grave a serious harm, damage and distress to PLAINTIFF, thus attempting against PLAINTIFF'S life in a PREMEDITATED MANNER to inflict harm with intentional criminal actions and negligent behavior.**

**39.) At no times did PLAINTIFF commit any act which would serve as justification, defense, or excuse for DEFENDANTS actions.**

**40.) Such conduct of DEFENDANT(S) towards PLAINTIFF as herein described was outrageous, intentional, reckless, and beyond all bounds of common bounds of common decency of a civilized society.  That by doing such acts DEFENDANT(S) have acted in an INHUMAN BARBARIC manner.**

**41.) As a proximate result of the herein mentioned acts, PLAINTIFF did in fact suffer the most severe form of humiliation, mental anguish and emotional distress, pain and suffering, betrayal, all to his damage in an amount to be shown according to proof.**

**42.) Accordingly, DEFENDANT(S) acts constitute negligent infliction of emotional distress and are liable to PLAINTIFF for all DAMAGES as a proximate result thereof by behaving in an INHUMAN BARBARIC manner.  Such actions are reprehensible to a civilized society.**

**FOURTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST ALL DEFENDANT(S)**

**43.) PLAINTIFF hereby incorporates herein each and every allegation contained within sections 1 to 45 as though set out in full in the (GENERAL ALLEGATIONS).**

**44.) On or about the following date(s) and time(s): [APRIL 20, 2009-MIAMI, FL., JANUARY 31, 2019-FEBRUARY 15, 2019-BERKLEY, CA/ LOS ANGELES, CA., MARCH 13, 2020 LAS VEGAS, NV, SEPTEMBER 07, 2021 WHITTIER, CA., SEPTEMBER 12, 2021 WHITTIER, CA., SEPTEMBER 19, 2021 SAN FRANCISCO, CA., SEPTEMBER 20, 2021 CHICAGO [ORD], SEPTEMBER 20-24, 2021 WASHINGTON D.C., SEPTEMBER 24, 2021 BALTIMORE, MD., SEPTEMBER 24, 2021- NOVEMBER 3, 2021 NEW YORK CITY, NY.], DEFENDANT(S) without warning, justification, defense or privilege, grabbed, punched, beat, kicked, inflicted direct harm, STOLE LEGAL CONFIDENTIAL DOCUMENTS, TAMPERED WITH EVIDENCE, were involved in OBSTRUCTION OF JUSTICE, STOLE and TAMPERED with POSTAL MAIL INTENDED FOR PLAINTIFF, DEFENDANT(S) have been involved in INVASION OF PRIVACY, have made numerous FALSE ACCUSATIONS, ILLEGALLY SEIZED PRIVATE PERSONAL PROPERTY, HAVE STOLEN MEDICATION VALUED AT MORE THAN $50,000.00 USD, HAVE DISCLOSED MEDICAL RECORDS, have dragged PLAINTIFF to numerous DETENTION FACILITIES in several State(s) mentioned in this suit.  PLAINTIFF was unlawfully detained and prosecuted for extensive periods of time without JUSTIFICATION or LEGAL JURISDICTION.  DEFENDANT(S) have further assaulted PLAINTIFF, in conscious and reckless and callous disregard of PLAINTIFF'S well being, thus exposing PLAINTIFF to RADIATION to the point of ATTEMPTING against his life on FIVE different times. DEFENDANT(S) knew, or should have known, that their conduct would cause grave a serious harm, damage and distress to PLAINTIFF, thus attempting against PLAINTIFF'S life in a**

FILED: 11.17.2020                                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                          1:21-CV-01759-TNM  (A095-139-271 v. USA)

PREMEDITATED MANNER to inflict harm with intentional criminal actions and negligent behavior.

**45.) As a proximate result of DEFENDANT(S) acts, PLAINTIFF suffered emotional harm, damage, distress, and life threatening bodily injuries.  The full extent of such expenses incurred and to be incurred is in the hundreds of thousands of American Dollars. PLAINTIFF at this time will ask the court to amend this complaint once the total expenses of direct inflicted monetary damages to HEALTH and WELL BEING are known.**

**46.) Said emotional harm, damage, and distress is accompanied by physical impact, physical injury, physical harm,  against PLAINTIFF.  Furthermore DEFENDANT(S) have caused life threatening physical injuries by exposing PLAINTIFF to RADIATION at times, added to this by grabbing, punching, using excessive force, kicking, twisting the body within direct inflicted premeditated intent by DEFENDANT(S). PLAINTIFF has been dragged to numerous DETENTION FACILITIES in several State(s) as mentioned in this complaint.  PLAINTIFF was unlawfully detained and prosecuted on numerous occasions as mentioned herein for e extensive periods of time without JUSTIFICATION or LEGAL JURISDICTION where DEFENDANT(S) further assaulted PLAINTIFF and ATTEMPTED AGAINST HIS LIFE in FIVE different times.  Second DEFENDANT(S) proximately caused life threatening physical injuries to PLAINTIFF and further injuries to his HEALTH and WELL BEING as shown according to proof.**

**47.) Accordingly, DEFENDANT(S) acts constitute NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS and are LIABLE to PLAINTIFF for all DAMAGES as a proximate result thereof.**

**FIFTH CAUSE OF ACTION**
**NEGLIGENT HIRING AND SUPERVISION AGAINST ALL DEFENDANT(S)**

**48.) PLAINTIFF hereby incorporates herein each and every allegation contained within sections 1 to 49 as though set out in full in (GENERAL ALLEGATIONS).**

**49.) At all times herein mentioned DEFENDANT(S) have knowledge of PLAINTIFF through records pertained to the identification of (A095-139-271).  As a foreign citizen allowed to enter and remain legally in the UNITED STATES OF AMERICA, consequently, all identified (ALIENS) are considered patrons of DEFENDANT(S) as UNITED STATES OF AMERICA invitees to the highest degree of care and protection is owed.  Furthermore DEFENDANT(S)**

ACTING IN THE NAME OF HOMELAND SECURITY have made FALSE ACCUSATIONS, PLANTED FALSE EVIDENCE, to the extent of TAMPERING with FEDERAL

DOCUMENTS to further damage PLAINTIFF'S reputation and confuse other authorities. By doing so, DEFENDANT(S) have acted in a NEGLIGENT, OPPRESSIVE, PREMEDITATED MANNER WITH INTENT TO HARM PLAINTIFF'S REPUTATION. SAID REPRESENTATION OF DEFENDANT'S ACTING IN THE NAME OF THE UNITED STATES OF AMERICA AS FEDERAL AGENTS FALLS UNDER THE UMBRELLA OF THE UNITED STATES DEPARTMENT OF JUSTICE AND IT IS THE RESPONSIBILITY OF THE ATTORNEY GENERAL TO GUARANTEE THAT THE RULE OF LAW IS RESPECTED, PUT INTO GOOD USE, AND IS INTENDED TO PROTECT THE INTERESTS AND WELL BEING OF THE PEOPLE AND MUST NEVER BE USED FOR PERSONAL INTEREST OR GAINS FOR ANY REPRESENTATIVE AS MENTIONED HEREIN.

50.) DEFENDANT(S) knew, or should have known, since the occupation as FEDERAL AGENTS at times entails the use of force against foreign citizens identified as (ALIENS) that have acted criminally or have broken laws that require such use.  DEFENDANT(S) owe the respect to all foreign citizens legally in the UNITED STATES OF AMERICA a high degree of hiring, training,  and supervision of LAW ENFORCEMENT employees/ agents at all scopes pertaining to the FEDERAL GOVERNMENT that the UNITED STATES DEPARTMENT OF JUSTICE oversees thus making sure said employees DO NOT abuse power and that their duty is to guarantee that THE RULE OF LAW is respected and upheld for the well being of the CITIZENS of this nation.

51.) At all times herein mentioned DEFENDANT(S) DOES 1-1000, were agents of the other remaining DEFENDANT(S) as FEDERAL AGENTS in said division of the Federal Government of the UNITED STATES OF AMERICA overseen by the UNITED STATES DEPARTMENT OF JUSTICE whereas will respect the CONSTITUTIONAL LAWS that govern this nation.

52.) That in FACT DEFENDANT(S) failed to exercise the appropriate degree of care in hiring, training, investigating, and supervision of DEFENDANT(S) DOES 1-1000. When hiring it is the RESPONSIBILITY of the UNITED STATES DEPARTMENT OF JUSTICE to oversee and guarantee said employees DO NOT abuse power or commit CRIMINAL ACTS that constitute INHUMAN BARBARIC BEHAVIOR.

53.) That as a proximate result of the said acts misfeasance and nonfeasance of DEFENDANT(S), and each of them PLAINTIFF was hurt and injured in PLAINTIFF'S health, strength and activity, sustaining life threatening injuries to PLAINTIFF, sustaining injuries to PLAINTIFF'S body and shock and injuries to PLAINTIFF nervous system, all of which have caused PLAINTIFF mental and physical pain, heartache, pain and suffering and nervousness.  PLAINTIFF was required to employ physicians and health care providers to examine, treat, and care for PLAINTIFF and did and continues to incur medical and incidental expenses in the hundreds of thousands of American Dollars.  All of which will be shown to proof.

## SIXTH CAUSE OF ACTION
## FALSE IMPRISONMENT AGAINST ALL DEFENDANTS

54.) PLAINTIFF hereby incorporates herein each and every allegation contained within sections 1 to 58 as set out in full herein in (GENERAL ALLEGATIONS)

55.) On or about the following date(s) and time(s): [APRIL 20, 2009-MIAMI, FL., JANUARY 31, 2019-FEBRUARY 15, 2019-BERKLEY, CA/ LOS ANGELES, CA., MARCH 13, 2020 LAS VEGAS, NV, SEPTEMBER 07, 2021 WHITTIER, CA., SEPTEMBER 12, 2021 WHITTIER, CA., SEPTEMBER 19, 2021 SAN FRANCISCO, CA., SEPTEMBER 20, 2021 CHICAGO [ORD], SEPTEMBER 20-24, 2021 WASHINGTON D.C., SEPTEMBER 24, 2021 BALTIMORE, MD., SEPTEMBER 24, 2021- NOVEMBER 3, 2021 NEW YORK CITY, NY.], DEFENDANT(S) without warning, justification, defense or privilege, grabbed, punched, beat, kicked, inflicted direct harm, STOLE LEGAL CONFIDENTIAL DOCUMENTS, TAMPERED WITH EVIDENCE, were involved in OBSTRUCTION OF JUSTICE, STOLE and TAMPERED with POSTAL MAIL INTENDED FOR PLAINTIFF, DEFENDANT(S) have been involved in INVASION OF PRIVACY, have made numerous FALSE ACCUSATIONS, ILLEGALLY SEIZED PRIVATE PERSONAL PROPERTY, HAVE STOLEN MEDICATION VALUED AT MORE THAN $50,000.00 USD, HAVE DISCLOSED MEDICAL RECORDS, have dragged PLAINTIFF to numerous DETENTION FACILITIES in several State(s) mentioned in this suit.  PLAINTIFF was unlawfully detained and prosecuted for extensive periods of time without JUSTIFICATION or LEGAL JURISDICTION.  DEFENDANT(S) have further assaulted PLAINTIFF, in conscious and reckless and callous disregard of PLAINTIFF'S well being, thus exposing PLAINTIFF to RADIATION to the point of ATTEMPTING against his life on FIVE different times. DEFENDANT(S) knew, or should have known, that their conduct would cause grave a serious harm, damage and distress to PLAINTIFF, thus attempting against PLAINTIFF'S life in a

FILED: 11.17.2020                                        2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                                1:21-CV-01759-TNM  (A095-139-271 v. USA)

PREMEDITATED MANNER to inflict harm with intentional criminal actions and negligent behavior.  Furthermore PLAINTIFF has been denied MEDICAL care during custody.

56.) At said time(s) and place(s) DEFENDANT(S) physically restrained PLAINTIFF by false imprisonment and incarceration for extensive periods of time.  He has been illegally prosecuted thus DEFENDANT(S) have lied and falsified documents, made bogus claims with the intention to convict PLAINTIFF in a premeditated manner so he would not have no legal remedy.  That DEFENDANT(S) intentionally and knowingly have violated THE RULE OF LAW that have been hired to RESPECT and UPHOLD as a CODE OF HONOR to their DUTY to the CONSTITUTIONAL LAWS that govern this nation.

57.). At no time did PLAINTIFF consent to any of the aforementioned acts of DEFENDANT(S), nor did he authorize the use of CONFIDENTIAL PRIVATE INFORMATION, nor DISCLOSURE OF MEDICAL RECORDS all protected by the PRIVACY ACT OF 1974 other than AMENDMENT FOUR of the CONSTITUTION OF THE UNITED STATES OF AMERICA and HIPAA ACT.  DEFENDANT(S) did not have any reason, justification, legal jurisdiction, or excuse to commit any of these acts.  At all times relevant, PLAINTIFF was conducting himself in a peaceful and law abiding manner.  To the contrary DEFENDANT(S) have violated and abused the RULE OF LAW to the extent of obtaining by FORCE: PRIVATE CONFIDENTIAL INFORMATION legally privileged for the use of PLAINTIFF while conducting ILLEGAL OPERATIONS in SANCTUARY STATES and designated SANCTUARY CITIES as mentioned herein.

58.) As a proximate result of the mentioned acts, PLAINTIFF did in FACT suffer, serious life threatening bodily injuries and has compromised his immune system in an amount to be shown according to proof.

59.) As a proximate result of the above mentioned acts, PLAINTIFF did in fact suffer the most severe form of humiliation, defamation, mental anguish, emotional distress, severe impact to his immune system, and sustained life threatening bodily injuries, all to his damage in amount to be shown according to proof.

### SEVENTH CAUSE OF ACTION
### DEFAMATION AGAINST ALL DEFENDANTS

60.) On or about the following date(s) and time(s): [APRIL 20, 2009-MIAMI, FL., JANUARY 31, 2019-FEBRUARY 15, 2019-BERKLEY, CA/ LOS ANGELES, CA., MARCH 13, 2020 LAS

VEGAS, NV, SEPTEMBER 07, 2021 WHITTIER, CA., SEPTEMBER 12, 2021 WHITTIER,
CA., SEPTEMBER 19, 2021 SAN FRANCISCO, CA., SEPTEMBER 20, 2021 CHICAGO

[ORD], SEPTEMBER 20-24, 2021 WASHINGTON D.C., SEPTEMBER 24, 2021
BALTIMORE, MD., SEPTEMBER 24, 2021- NOVEMBER 3, 2021 NEW YORK CITY, NY.],
DEFENDANT(S), and each of them, made false misleading statements about PLAINTIFF
stating that PLAINTIFF is an "ILLEGAL ALIEN" "COCAINE DRUG DEALER, "ARMED
ROBBER", that at some point DEFENDANT(S) BERKLEY POLICE accused and filed bogus
charges of GRAND THEFT to secure a conviction in a premeditated manner and with the
intention to tarnish PLAINTIFF'S reputation and WELL BEING.  These statements other
than being completely FALSE all DEFENDANT(S) had no basis for uttering such false
statements.

61.) Each of the above mentioned statements made by each DEFENDANT(S) was heard by
each of the other DEFENDANT(S), and further, was heard by numerous other persons who
were at said described location(s) in different explained scenarios set forth herein.
Furthermore the recording of PRIVATE CONVERSATIONS in a PRIVATE setting without
consent is considered ILLEGAL under all circumstances of being under the influence of
alcohol or marijuana (for example) and AGENTS are prohibited to consume anything while
being on DUTY.  This type of scenario falls under the <u>"Fruit of the Poisonous Tree Doctrine."</u>

62.) All of the above mentioned statements are unprivileged, and exposed PLAINTIFF to
hatred, contempt, ridicule, and disgrace.  In addition, these statements caused PLAINTIFF to
be shunned and avoided, and had a tendency to injure PLAINTIFF in his occupation other
than inflicting a serious negative image to his name.  Furthermore, the statements falsely
charged PLAINTIFF with the crimes of grand theft, drug violations, among other bogus and
PLAINTIFF has never been convicted, not to mention even when ILLEGALLY
PROSECUTED  has defended himself in many instances while completing all duties to prove
his innocence.  All accusations have been DISMISSED and PLAINTIFF has a clean record
except for a misdemeanor to his name.

## EIGHTH CAUSE OF ACTION
### (VIOLATION OF THE UNRUH CIVIL RIGHTS ACT CIVIL CODE § 51)

63.)  PLAINTIFF hereby incorporates herein each and every allegation contained between
Sections 1 to 66 as though set in full herein in (GENERAL ALLEGATIONS).

64.) As set forth above, DEFENDANT(S) acts and omissions constitute violations of UNRUH CIVIL RIGHTS ACT, CIVIL CODE § 51.

65.) By reasons of DEFENDANT(S) unlawful acts, practices and omissions, PLAINTIFF has suffered monetary damages, humiliation, heartache, mental anguish, betrayal, negative health impact, physical emotional distress, and several attempts against his life.  PLAINTIFF has no adequate remedy of law to prevent the continuing the unlawful conduct of DEFENDANT(S). PLAINTIFF has endured harassment, oppressive negligent criminal behavior and has informed all the necessary LEGAL entities available over all said violations of the RULE OF LAW.  While exhausting all LEGAL remedies to protect his safety and well being all entities even when making complaints to the California Department of Justice, Diplomatic Authorities of the Government of El Salvador, and the Inter-American Commission of Human Rights at the Organization of American States (OAS). In order to prevent the unlawful conduct of DEFENDANT(S) and unless enjoined DEFENDANT(S) will result  in great irreparable injury to PLAINTIFF, and to other foreign citizens or persons being abused  by FALSE statements  and reprehensible corrupt conduct by FEDERAL AGENTS that abuse power.

66.) The unlawful acts and practices of DEFENDANT(S) alleged herein were reckless and willful, and caused great bodily harm to PLAINTIFF.  Therefore an award to punitive damages, sufficient to punish DEFENDANT(S) and to serve as an example to deter them from similar INHUMAN and BARBARIC conduct in the future, should be made to PLAINTIFF claims in such amount of damages together with pre-judgement interest thereof pursuant to California Code § 3287, 3288, and/ or any other applicable provision for pre judgement interest Cal.Civ.Code § 3294(a).  The grounds to impose punitive damages in FEDERAL actions are similar to those of California actions. [THAT ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS OF (AGENTS ACTING IN THE NAME OF DEFENDANT(S)) knew of the conduct constituting malice, oppression, and adopted or approved that conduct after it occurred.] CLEAR AND CONVINCING EVIDENCE: OPPRESSIVE, INHUMANE, BARBARIC CONDUCT.

<u>NINTH CAUSE OF ACTION</u>
<u>CALIFORNIA CONSTITUTION ARTICLE I, § 8 AGAINST ALL DEFENDANTS</u>

<u>UNITED STATES OF AMERICA CONSTITUTION AMENDMENT IV</u>
<u>AGAINST ALL DEFENDANTS</u>

67.) PLAINTIFF hereby incorporates herein each and every allegation contained within sections 1-71 as though set out in full herein (GENERAL ALLEGATIONS).

68.) At all times mentioned herein, Article I, Section 8 of the California Constitution was in full force and effect, and was binding on all DEFENDANT(S). Article I, Section 8 requires DEFENDANT(S) to refrain from committing acts against public policy.

69.) In addition to the acts mentioned above, PLAINTIFF was improperly discriminated against harassed on the basis of his race and sexual orientation, not to mention his medical condition of being HIV POSITIVE.

70.) The aforementioned conduct by DEFENDANT(S) constituted violation of public policy in violation of Article I, Section 8 of the California Constitution.  Such unfair and arbitrary was substantial factor in causing damage and injury to PLAINTIFF.

71.) As a direct and proximate cause of DEFENDANT(S) unlawful and criminal acts, PLAINTIFF has been damaged, and continue to be damaged, on the account of lost income, and related economic losses, including medical expenses, in the hundreds of thousands of American Dollars , as shall be established by proof at the time of trial.  PLAINTIFF claims such amount as damages together with pre-judgement interest thereon pursuant to California Civil Code § 3287, 3288 and/ or any applicable provision providing pre-judgement interest.

72.) As a further direct and proximate result of such acts, PLAINTIFF suffered and continues to suffer severe emotional distress, humiliation, and mental anguish, and were damaged thereby in such amount as shall be established as proof at the time of trial.  PLAINTIFF claims such amount in damages together with pre-judgement interest thereon pursuant to California Civil Code § 3287, 3288 and/ or any other applicable provision for pre-judgement interest.

73.) In committing the unlawful acts herein alleged, DEFENDANT(S) acted fraudulently, maliciously, oppressively, criminally, inhumanly, comparable to BARBARIC conduct.  By reason thereof PLAINTIFF is entitled to recover PUNITIVE DAMAGES in an amount that PLAINTIFF considers will be enough to deter DEFENDANT(S) from ever committing such BARBARIC conduct in the future.  PLAINTIFF claims such amount as in act of good faith, however always remembering that any INHUMANE and BARBARIC conduct as shown by DEFENDANT(S) should never be allowed in a civilized society that according to its' foundations believes in the will of the PEOPLE, and that constitutes FREEDOM.  Such

amount of damages together  with pre-judgement interest thereon pursuant to California Civil Code § 3287, 3288 and/ or any other applicable provision providing for pre-judgement interest.

74.) That at the time of said events, by the [RULE OF LAW] CONSTITUTIONAL LAW superseding STATE and FEDERAL laws that are to be UPHELD thus RESPECTED by DEFENDANT(S).  That PLAINTIFF ALEX ALFONSO SALAVERRIA has been deprived and acts of inflicted cowardice, oppressive, criminal, inhumane, barbaric behavior that should never be allowed in a civilized society that believes in the foundations of doing good towards others.  That this RULE as established in AMENDMENT IV OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA:  PRIVACY, INCLUDING THE RIGHT TO FREEDOM FROM GOVERNMENT INTRUSION INTO HIS HOME, PRIVATE PROPERTIES, AND BUSINESS ASSOCIATIONS WERE VIOLATED BY DEFENDANT(S). Therefore PLAINTIFF should be awarded an amount that will deter DEFENDANT(S) from ever committing such despicable INHUMANE, BARBARIC, CRIMINAL CONDUCT AND BEHAVIOR THAT SHOULD NEVER BE ALLOWED WITHIN A CIVILIZED SOCIETY. CONSTITUTIONAL LAWS THAT GOVERN NATIONS SHOULD ALWAYS BE RESPECTED AND UPHELD FOR THE WELL BEING OF ALL CITIZENS OF A GREAT NATION THAT IS FOUNDED ON THE BELIEFS OF FREEDOM.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PLAINTIFF ALEX ALFONSO SALAVERRIA CASTANEDA A095-139-271

*PRAYS FOR JUDGEMENT AGAINST DEFENDANT(S), AND EACH OF THEM AS FOLLOWS:*

<u>*ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTIONS:*</u>

1. FOR GENERAL DAMAGES IN AN AMOUNT TO BE DETERMINED AT THE TIME OF TRAIL, PURSUANT TO CALIFORNIA CIVIL PROCEDURE § 425.10 AND §425.11. <u>THE GROUNDS TO IMPOSE PUNITIVE DAMAGES IN FEDERAL ACTIONS ARE SIMILAR TO THOSE OF CALIFORNIA ACTIONS;</u>

2.  FOR THE COST OF MEDICAL EXPENSES AND TREATMENT, AND INCIDENTAL EXPENSES ACCORDING TO PROOF;

3. FOR THE COSTS OF THE SUIT INCURRED HEREIN;

4. FOR THE LOSS OF EARNING CAPACITY, ACCORDING TO PROOF;

**5. FOR PRE- JUDGEMENT INTEREST;**

**6. FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER AND TO DETER DEFENDANT(S) TO COMMIT SUCH INHUMANE CRIMES**

### *ON THE SECOND, THIRD, SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION.*

**1. FOR THE GENERAL DAMAGES IN AN AMOUNT TO BE DETERMINED AT THE TIME OF THE TRIAL, PURSUANT TO CALIFORNIA CIVIL PROCEDURE § 425.10 AND § 425.11.  THE GROUNDS TO IMPOSE PUNITIVE DAMAGES IN FEDERAL ACTIONS ARE SIMILAR OF THOSE TO CALIFORNIA ACTIONS;**

**2. FOR THE COSTS OF MEDICAL TREATMENT AND CARE, AND INCIDENTAL EXPENSES ACCORDING TO PROOF;**

**3. FOR LOSS OF EARNINGS CAPACITY ACCORDING TO PROOF;**

**4. FOR THE COSTS OF SUIT INCURRED HEREIN;**

**5. FOR PRE-JUDGEMENT INTEREST;**

**6. FOR ALL WRONGDOING THAT HAS BEEN INFLICTED BY DEFENDANT(S) AND THAT WHICH REPRESENTS A SYMBOL OF GOOD FAITH TOWARDS AMENDING THE INFLICTED HARM TO PLAINTIFF WITH NO REASON OR JUSTIFICATION.**

**7. FOR THE BELIEF THAT ANY MISTAKES MAY IN FACT BE A REASON TO BELIEVE IN COMPASSION TOWARDS OTHERS.**

*[THE LIABILITY OF THE UNITED STATES FOR THE UNCONSTITUTIONAL CONDUCT OF FEDERAL AGENTS: AS A GENERAL PROPOSITION, THE UNITED STATES ENJOYS SOVEREIGN IMMUNITY]: IT IS ONE OF THE MAIN REASONS WHY ABUSE OF POWER FROM THESE AGENTS AT TIMES GOES UNNOTICED WITHOUT BRINGING PERPETRATORS OF CRIMINAL BEHAVIOR TO JUSTICE:*

*The Federal Tort Claims Act. 14,  however, waives governmental immunity in actions for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.*

*Thus, in contrast to section 1983, which was construed in Monell to impose only direct liability on governmental entities," the Federal Tort Claims Act makes the United States vicariously liable*

*for the acts of its employees. The Act contains numerous exceptions to the general rule of vicarious liability, including section 2680(h), which in its original form immunized the government from liability in Bivens false arrest actions."  The section was amended in 1974 to provide that "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the Act imposing liability] shall apply to any claim arising out of assault, battery, false imprisonment, 'false arrest, abuse of process, or malicious prosecution.  Although the amendment makes no direct reference to Bivens, its legislative history indicates that Congress intended to subject the United States to vicarious liability for violations of the fourth amendment.*

*Therefore, because of direct inflicting action to damage his reputation, by directly lying and falsifying documents, Pre-meditated Murder, Life Endangerment, Illegal Surveillance, Invasion of Privacy, Negative Health Impact, and direct infliction to Vandalism of Private Property, Pain and Suffering, continued Harassment, Illegal disclosure of Medical Records without consent, Violation of Privacy Laws protected by the Fourth Amendment:*

*PLAINTIFF ALEX ALFONSO SALAVERRIA requests this honorable court to award:*

*A.  COMPENSATORY DAMAGES: that accounts for past and future expenses, lost wages and pain and suffering.*

*B.  PUNITIVE DAMAGES: For the reckless barbaric behavior of the agents acting in the name of DEFENDANT(S); unreasonably risky without care, malicious; intending to harm another without reason or justification and the intentional act or one reckless indifference to the rights of others. Cal. Civ. Code § 3294(a) The grounds to impose punitive damages in FEDERAL actions is the same as those in CALIFORNIA actions. [That one or more officers, directors, or managing agents of [AGENTS ACTING IN THE NAME OF DEFENDANT(S) knew of the conduct constituting malice, oppression, and adopted that conduct after it occurred]. CLEAR AND CONVINCING EVIDENCE: OPPRESSIVE, CRIMINAL, INHUMANE, BARBARIC BEHAVIOR.*

*C. EMOTIONAL DISTRESS DAMAGES: PLAINTIFF suffered personal injuries, attempts against his life, was deprived of his personal belongings, was ILLEGALLY PROSECUTED and IMPRISONED, was betrayed, suffered tremendous heartache and pain, for acts he never did commit.  He life was almost completely DESTROYED because of ALL ACTS described and as a direct result of negligent, barbaric, inhumane, or intentional misconduct by DEFENDANT(S).*

*IN THE AMOUNT OF*

*TWO HUNDRED AND FIFTY MILLION DOLLARS*

*$ 250,000,000.00 USD*

**I declare under penalty of perjury that the following is true and correct.**

**NOVEMBER 3 , 2021**



**ALEX ALFONSO SALAVERRIA (AO95-139-271)**

**14357 LANNING DRIVE**

**WHITTIER, CA 90604**

1

2

3   *PROOF OF SERVICE:*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *EVIDENCE IS WITHHELD UPON PREVIOUS TAMPERING*

27  *OF DEFENDANT(S) ACTIONS.*

28

**FILED: 11.17.2020**                    **2:20-cv-10532 (A095-139-271 v. DHS)**

**FILED 08.27.2021**                    **1:21-CV-01759-TNM  (A095-139-271 v. USA)**

1

2

3

4



5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **SS**

FILED: 11.17.2020                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                1:21-CV-01759-TNM  (A095-139-271 v. USA)

1  **UNITED STATES DISTRICT COURT**
2  **DISTRICT OF COLUMBIA**

   _____

3  **ALEX ALFONSO SALAVERRIA**                    **CIVIL CASE No.**
4       **PLAINTIFF**
                                                 **[ ALL CASES ]**
5         **vs.**

6

7

8  ## THE  UNITED STATES OF AMERICA
9  ##  ALL INCLUSIVE DEFENDANT(S).

10

11

12  # MOTION OF APPEAL (ALL INSTANCES)

13

14  **UNDER RICO ACT: [ALL CASES PRESENTED, ALL INSTANCES OF ILLEGAL
    SURVEILLANCE, ALL INSTANCES OF OBSTRUCTION OF JUSTICE, ALL
15  INSTANCES OF INVASION OF PRIVACY, ALL INSTANCES OF INFLICTING
    HARM TO PLAINTIFF, ALL INSTANCES OF TAMPERING WITH EVIDENCE, ALL
16  INSTANCES OF ILLEGAL ESPIONAGE OF DEFENDANT(S), ALL INSTANCES
17  OF ALL CRIMINAL ACTIVITY OF DEFENDANT(S) THEREOF: FOR
    RACKETEERING ACTIVITY AND ENTERPRISE: WHEN THE FEDERAL COURT
18  BECOMES A CRIMINAL ENTERPRISE.]**

19

20
21
22  
23
24
25
26
27

28

FILED: 11.17.2020           2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021           1:21-CV-01759-TNM  (A095-139-271 v. USA)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**UNDER TITLE 42 U.S.C. § 1961 PROHIBITED ACTIVITIES THEREON.**

FILED: 11.17.2020                                    2:20-cv-10532 (A095-139-271 v. DHS)

FILED 08.27.2021                          1:21-CV-01759-TNM  (A095-139-271 v. USA)

*PLAINTIFF CLOSING ARGUMENTS UPON ALL INSTANCES MENTIONED HEREIN :*

*TO LEGAL TEAM, RESUE TEAM, SECURITY TEAM, TO SPECIALTY TEAM, TO HOMELAND SECURITY, TO ALL LAW ENFORCEMENT AGENCIES, GOVERNORS, JUDGES AND POLITICIANS THAT ACT WITH COWARDICE, ACTS OF CORRUPTION, ACTS OF CONVENIENCE OF PERSONAL GAINS, AND ACTS THAT DO NOT VALUE HUMAN EXISTENCE:*

*TO THOSE THAT BETRAYED, ACTED WITH DIRECT KNOWLEDGE, AS IF WAS A DISPOSABLE FOE: I ALWAYS DID KNOW…*

*I recently have learned that if you have one last shot, GIVE THEM THE BEST YOU HAVE IN KNOWLEDGE. While you cannot control the actions of others, you can control your actions towards others.  I have never intended to inflict any harm on others, I have defended myself from being hurt, being left with nothing, and being able to continue when there is nothing left to lose.  It is your will to live and finally complete your mission so the you never come back to a world that does not represent your will or way of life you want to achieve.  This case with all the people involves what greatness is all about: ONLY THE BRAVE I call it…to go AGAINST ALL ODDS but DEFEND the VALUES of TRUTH and INTEGRITY.  To be left ALONE but still BELIEVE there is a LORD that sees over you.  That even they may inflict harm, lie, invade your personal privacy, to gain knowledge of your affairs, they can never really know how the power of light responds when they place you in such darkness…*

*I REST MY CASE AGAINST THE UNITED STATES OF AMERICA.*

*SUBMITTED RESPECTFULLY WITH ALL THE FOUNDATIONS OF THE CODE OF ETHICS AND THE RULE OF LAW OF THE CONSTITUTION OF THIS NATION.*

*ALEX ALFONSO SALAVERRIA*