UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX ALFONSO SALAVERRIA,

               Plaintiff,

-against-

THE UNITED STATES OF AMERICA, *et al.*,

               Defendants.

21-CV-9254 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants are violating his rights.[1] By order dated May 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[1] Plaintiff filed this complaint on November 8, 2021. (ECF No. 2.) Three days later, on November 11, 2021, Plaintiff filed an amended complaint. (ECF No. 3.)

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, a resident of Whittier, California, brings this action against the United States of America, the Department of Homeland Security, the Vice President of the United States, the Federal Bureau of Investigation, and the States of Nevada, California, and Florida, asserting violation of his rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Racketeer Influenced and Corrupt Organizations Act (RICO), 42 U.S.C. § 1983, and state law.[2] He seeks money damages.

The events giving rise to Plaintiff's claims appear to have occurred in Las Vegas, Nevada; West Hollywood, California; and Miami, Florida. There does not appear to be a connection to New York or this District. The Court has gleaned the following allegations from the complaint. Federal agents from the United States Department of Homeland Security, in coordination with the

---

[2] Plaintiff filed similar complaints in the United States District Court for Central District of California and the United States District Court for the District of Columbia. On December 7, 2020, the Central District of California dismissed Plaintiff's case as frivolous and on immunity grounds, *see Salaverria v. Dep't of Homeland Sec.*, No. 20-CV-10532 (C.D.Ca. Dec. 7, 2020), and Plaintiff's appeal was dismissed as frivolous, *see* 20-56360 (9th Cir. Dec. 22, 2020).On November 24, 2021, the District of Columbia dismissed one of Plaintiff's cases as "misdirected" because it was captioned for the Southern District of New York, *see Salaverria v. American Airlines Inc.*, No. 21-CV-2949 (D. D.C. Nov. 24, 2021), and dismissed the other case without prejudice, *see Salaverria v. United States of Am.*, No. 21-CV-2940 (D. D.C. Nov. 24, 2021).

Los Angeles Police Department, have illegally surveilled Plaintiff and retrieved or received his private information from Defendants. The federal agents have also stolen his mail, other confidential documents, and his medications for treatment of his medical condition. Plaintiff alleges further that,

> *During the ILLEGAL "Covert Operation" in Las Vegas, NV on March 13, 2020, (USDHS-DEFENDANTS) Federal Agents used a "Radio Frequency Vehicle Stopper" with high powered radiation which severely affected PLAINTIFF. SALAVERRIA. This technology is able to remotely control the activity of the human nervous system. This can also incapacitate a human being not to mention, it can stop a human heart and make someone die with sophisticated frequencies. (DHS) Agents as well used LIGHT EMITTING DIODE on two different locations: HOLIDAY ROYALE 4505 Paradise Road – Residential PRIVATE PROPERTY where he was ILLEGALLY ARRESTED by LAS VEGAS METRO POLICE under the instruction of (USDHS-DEFENDANTS) Agents) (TROPICANA/NELLIS SHOPPING CENTER). This is available in the report made to Detective Richard Jones at Internal Affairs LVMPD. During his ILLEGAL DETENTION (FALSE IMPRISONMENT) at the Clark County Detention Center, he was left in the non-processed inmate cell for close to 48 hours. Even though he was wounded and taking antibiotics at the time, other than disclosing his HIV POSITIVE status, he was not provided with medical treatment and denied his medications required to maintain his health. He was not expected to survive at the time, and was released under the direct involvement of Government of El Salvador contacting Homeland Security in Washington. [25CFR § 11.404].*

(ECF No. 3 at 14-15.)[3]

## DISCUSSION

Plaintiff's amended complaint, when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, fails to allege any facts suggesting that he has a plausible legal claim. Although Plaintiff cites *Bivens*, Section 1983, and RICO, and numerous state laws for relief, the Court cannot identify any viable legal basis for Plaintiff's claims against Defendants.

---

[3] Page numbers refer to those generated by the court's electronic filing system. To the extent possible, the Court quotes the amended complaint verbatim. All emphasis, font, capitalization, and errors are therefore in the original.

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[4] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Plaintiff's claims against the United States of America, the Department of Homeland Security, the Vice President of the United States, and the Federal Bureau of Investigation are therefore barred by the doctrine of sovereign immunity.

The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages[.]" 18 U.S.C. § 1964(c). Because Plaintiff does not allege facts showing that he was injured in his business or property because the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise," he fails to state a RICO claim. *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999).

Plaintiff's factual allegations, for example, that federal agents used technology to control his nervous system, are largely incoherent, irrational, or wholly incredible. *See Denton*, 504 U.S.

---

[4] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged, however, do not suggest that the FTCA is implicated here.

at 33. The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Neitzke*, 490 U.S. at 324-25; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's motion for immediate protective order, (ECF No. 10), and motion to introduce evidence and exhibits for litigation, (ECF No. 12), are denied as moot. The Clerk of Court is directed to terminate any other pending matters in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

5